J-S92023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAROLD ALLEN JONES, III | |
| Appellant | No. 695 WDA 2016 |

Appeal from the Judgment of Sentence April 11, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001582-2014

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MOULTON, J.:                 **FILED MARCH 28, 2017**

Harold A. Jones, III, appeals *pro se* from his April 11, 2016 judgment of sentence entered in the Fayette County Court of Common Pleas.  We remand for further proceedings.

On April 6, 2016, Jones pled *nolo contendere* to possession with intent to deliver cocaine, possession of a controlled substance, and possession of drug paraphernalia.[1]  On April 11, 2016, the trial court sentenced Jones to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.  On April 6, 2016, Jones also pled guilty to simple assault at CP-26-CR-0000975-2015, which is not the subject of this appeal.

12 to 24 months' imprisonment. On May 11, 2016, Jones filed a timely *pro se* notice of appeal.[2]

The trial court ordered Jones to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement, and Jones filed a *pro se* statement on May 23, 2016. The trial court notified counsel of the *pro se* filing, and informed counsel that if he wished to withdraw, he must file a motion to withdraw. Counsel did not file a motion or a counseled Rule 1925 statement. On July 11, 2016, the trial court issued a Rule 1925(a) opinion in response to the *pro se* Rule 1925(b) statement.

Jones timely filed his notice of appeal and was entitled to counsel on appeal.[3] **See** Pa.R.Crim.P. 120(A)(4) ("An attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court"). The record contains no motion to withdraw as counsel. Because Jones was represented by counsel, we cannot consider his *pro se* filings. **See Commonwealth v.**

_____

[2] Although the notice of appeal is date-stamped May 13, 2016, the envelope bears a May 11, 2016 postmark. Therefore, under the prisoner mailbox rule, Jones's notice of appeal is timely. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011) (noting "prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").

[3] Unlike other *pro se* filings, this Court dockets *pro se* notices of appeal. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). Therefore, a timely *pro se* notice of appeal preserves appellate rights, even if the appellant is represented by counsel at the time of the filing. **Id.**

*Jette*, 23 A.3d 1032, 1038-40 (Pa. 2011) (reiterating that "there is no constitutional right to hybrid representation either at trial or on appeal" and reaffirming that our Supreme Court's "long-standing" ban on hybrid representation is intended to prevent confusion and overburdening of appellate courts).

Accordingly, we remand to the trial court to conduct a ***Grazier***[4] hearing within 30 days of the date of this order to determine whether Jones wishes to waive his right to counsel and, if so, whether such waiver is knowing, intelligent, and voluntary.  If Jones chooses to proceed *pro se*, and the trial court finds he knowingly, intelligently, and voluntarily waived his right to counsel, the trial court shall inform this Court of the waiver and we will render a decision based upon the current filings.  However, should Jones choose to be represented by counsel on appeal, the trial court shall direct counsel to file a statement pursuant to Rule 1925 and the court shall issue a new Rule 1925(a) opinion within 30 days of receipt of counsel's Rule 1925 statement.

Case remanded with instructions.  Panel jurisdiction retained.

_____

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).