J-S45041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CRAIG LAVOY POUST :
:
Appellant : No. 152 MDA 2018

Appeal from the Judgment of Sentence December 6, 2017
in the Court of Common Pleas of Snyder County
Criminal Division at No.:  CP-55-CR-0000106-2016

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 03, 2018**

Appellant, Craig Lavoy Poust, appeals from the judgment of sentence imposed on December 6, 2017, after his non-jury conviction of manufacture of marijuana, possession with intent to deliver (PWID) marijuana, possession of marijuana, possession of a firearm by an individual convicted of a prohibited offense, prohibited offensive weapons, and possession of drug paraphernalia.[1] Specifically, he challenges the discretionary aspects of his sentence.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record, the trial court's December 29, 2016 and April 16, 2018 opinions, and this Court's September 21, 2017 opinion following

---

[1] **See** 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 908(a), and 35 P.S. § 780-113(a)(32), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

Appellant's initial direct appeal. (*See Commonwealth v. Poust*, 178 A.3d 181 (Pa. Super. 2017) (unpublished memorandum)).

On March 28, 2016, the Commonwealth filed an information charging Appellant with unlawful manufacture of marijuana, PWID marijuana, conspiracy to manufacture or possess marijuana, possession of marijuana, unlawful possession of a firearm, prohibited offensive weapon, and possession of drug paraphernalia. After Appellant waived his right to a jury trial, a one-day non-jury trial commenced on October 11, 2016.

At trial, the Commonwealth called Pennsylvania State Troopers Brent Bobb and Chad Schultz, who testified that, while executing a search warrant, they observed a marijuana grow operation containing twenty-one marijuana plants in different sizes. (*See* Trial Court Opinion, 12/29/16, at 2-3).

> The Troopers took the plants to the [c]rime [l]ab where an analysis was performed on some but not all of the plants. An expert from the Pennsylvania [c]rime [l]ab testified that of the plants she tested they all tested positive for marijuana. She did testify that she did not test all of the plants, however the plants were all seized at the same location, had the same physical appearance, were located in an obvious grow room, were at various stages of growth and in all respects identical to one another.

(*Id.* at 3-4).

At the conclusion of trial, the court found Appellant not guilty of conspiracy, and guilty on all other counts. On October 13, 2016, the court sentenced Appellant without a Presentence Investigation Report (PSI). Appellant appealed the sentence to this Court, which affirmed the convictions, but vacated the judgment of sentence and remanded to the trial court because

it had imposed its sentence without a PSI.  (*See Poust*, *supra* 2017 WL 4177041, at \*\*1, 7).

On December 6, 2017, the trial court resentenced Appellant with the benefit of a PSI, to the following terms of imprisonment:  Count 1, manufacturing marijuana, not less than thirty nor more than sixty months; Count 2, PWID marijuana, not less than thirty nor more than sixty months; Count 4, possession of marijuana, not less than six nor more than twelve months; Count 5, possession of firearm, not less than sixty nor more than one-hundred twenty months; Count 6, prohibited offensive weapon, not less than sixteen nor more than thirty-six months; and Count 7, possession of drug paraphernalia, not less than six nor more than twelve months.[2]  Appellant filed a post-sentence motion, which the trial court denied.  This timely appeal followed.[3]

Appellant raises two questions on appeal:

1.   Did error occur at sentencing where the [t]rial [c]ourt referenced Appellant's prior record as a negative factor, mistakenly claiming that Appellant killed someone?

---

[2] The sentences in Counts 1, 5 and 6, were imposed consecutively; the sentences in Counts 2, 4, and 7 were imposed concurrently.  Thus, the aggregate sentence imposed was not less than 106, nor more than 216 months (not less than eight years and ten months, nor more than eighteen years) of incarceration.

[3] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on February 8, 2018.  The trial court entered its opinion on April 16, 2018.  *See* Pa.R.A.P. 1925.

2.    Did error occur where Appellant was convicted at trial for possessing [twenty-one] live marijuana plants, but the majority of said samples were not tested?

(Appellant's Brief, at 5).

Appellant's issues both challenge the discretionary aspects of his sentence.[4]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (case citations omitted).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial

_____

[4] Although Appellant frames his second issue as a challenge to the sufficiency of the evidence to support his conviction, the number of plants is not relevant to a conviction of PWID or manufacturing marijuana. The number of plants is only used to calculate the Offense Gravity Score (OGS) used at sentencing. (*See Poust*, *supra* at *3). It is well settled that Appellant's challenge to the OGS is a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (citation omitted). Notably, this Court's memorandum on Appellant's first direct appeal clearly states "[s]ince the number of plants is not relevant to the sufficiency of the evidence for any of Appellant's convictions, but rather the offense gravity score . . . we defer discussion of this issue." (*Poust*, *supra* at *3).

- 4 -

question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.

*Id.* (citations and quotation marks omitted).

In his first issue, Appellant claims that the trial court erred and abused its discretion in imposing its sentence because it construed Appellant's prior conviction for involuntary manslaughter as having killed someone. (**See** Appellant's Brief, at 8-11). Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion for relief, and included a Rule 2119(f) statement in his brief. However, his claim that the trial court improperly referred to his prior conviction for involuntary manslaughter as having killed someone, rather than having caused the death of someone, does not advance a colorable argument that the judge's actions were inconsistent with the sentencing code or contrary to the fundamental norms of the sentencing process. (**See id.** at 8); **Moury**, **supra** at 170. Accordingly, we conclude that Appellant has failed to invoke the jurisdiction of this Court by raising a substantial question.[5]

_____

[5] Moreover, even if Appellant had raised a substantial question, he has waived his claim for failure to develop it. **See** Pa.R.A.P. 2101, 2119(a)-(b). Appellant provides no relevant legal citations to support his contention that the trial court's reference to his prior conviction as killing, rather than having caused

In his second issue, Appellant claims that the Commonwealth failed to prove that he possessed twenty-one marijuana plants. (**See** Appellant's Brief, at 11-13). Appellant framed this issue as a challenge to the sufficiency of the evidence rather than the discretionary aspects of his sentence. (**See supra,** at 4 n.4). Therefore, he did not comply with Rule 2119(f)'s requirement that he include a statement of reasons relied upon for appeal with respect to this issue, nor did he attempt to establish that his claim raised a substantial question. Thus, we could find waiver for Appellant's failure to articulate this claim in his Rule 2119(f) statement, or develop an argument that the court erred in imposing sentence based on an inaccurate OGS. **See** Pa.R.A.P. 2119(a)-(b), (f). However, because a claim that the trial court applied an incorrect OGS does raise a substantial question, we will review the merits of his claim. **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013); **see also Commonwealth v. Saranchak**, 675 A.2d 268, 277 n.18 (Pa. 1996), *cert. denied*, 519 U.S. 1061 (1997) (holding that court may overlook failure to comply with Rule 2119(f) where appellee fails to object and substantial question is evident from appellant's brief).

> Our review of discretionary aspects of sentencing claims implicates the following principles:

---

the death of someone, constitutes an abuse of discretion. (**See** Appellant's Brief, at 10-11). Accordingly, Appellant's challenge to the discretionary aspects of his sentence would be waived.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Moury*, *supra* at 169-70 (citation omitted).

Section 303.15 of the Sentencing Code sets forth the OGS for violations of 35 P.S. § 780-113(a)(30), manufacture and PWID marijuana. *See* 204 Pa.Code § 303.15. Specifically, it notes that either manufacture or PWID marijuana, (twenty-one to fifty plants), has an OGS of 7, whereas manufacture or PWID marijuana, (ten to twenty plants), has an OGS of 5.

In the instant case, during resentencing on December 6, 2017, the trial court noted that it received a PSI, which calculated Appellant's prior record score as 5, and the OGS for Counts 1 (manufacture of marijuana) and 2 (PWID marijuana) as a 7; thus resulting in a standard range of thirty months, maximum of sixty months for both counts. (*See* N.T. Sentencing, 12/06/17, at 2; *see also id.* at 2-3 (Appellant did not have any additions or corrections to PSI or guideline form as described)).

At trial, Troopers Bobb and Schultz testified that they collected twenty-one marijuana plants. (*See* N.T. Trial, 10/11/16, at 17, 44). The trial court

found that "[a]ll the plants involved were located at the same place, in a sophisticated grow room. . . . All the plants looked identical and were at various stages of growth. The Commonwealth appropriately tested several of the plants and confirmed that all of the tested plants were marijuana." (Trial Ct. Op., 12/29/16, at 6). Thus, the court concluded that "[b]ased on these facts, the Commonwealth has circumstantially established beyond a reasonable doubt that all [twenty-one] plants were marijuana." (*Id.*).

Upon review, we conclude that the trial court's calculation of the OGS of 7, which would apply to convictions where at least twenty-one plants were manufactured or possessed, was supported by the record and was neither an error of law or an abuse of its discretion. *See Moury*, *supra* at 169-70. Accordingly, Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2018