J-S11023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINICK S. DAVIS | : | |
| | : | |
| Appellant | : | No. 854 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 19, 2019
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000182-2018

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 27, 2020**

Dominick Davis (Appellant), *pro se*, purports to appeal from the judgment of sentence imposed after a jury convicted him of possession of a controlled substance and possession of drug paraphernalia.[1] Upon review, and consistent with the advocacy of the trial court and Commonwealth, we quash.

A jury convicted Appellant on January 10, 2019. On February 19, 2019, the trial court sentenced Appellant to "not less than 344 days nor more than 36 months" for possession of a controlled substance, with no further penalty for possession of drug paraphernalia.[2] Order, 2/19/19. Although the record

_____

[1] 35 P.S. § 780-113(a)(16) and (32); Appellant was acquitted of possession with intent to deliver, 35 P.S. § 780-113(a)(30).

[2] The trial court gave Appellant credit for 344 days of time-served. Order, 2/19/19.

reflects that Appellant filed both a *pro se* post-sentence "petition to correct illegal sentence" on May 10, 2019, and a *pro se* notice of appeal on June 3, 2019, both filings were untimely. The trial court explained:

> [Appellant] did not file a post-sentence motion within 10 days, or a direct appeal within 30 days, after sentencing. [Appellant] was at trial and has been to date represented by Robert E. Mielnicki, Esq.

Trial Court Rule 1925(a) Memorandum, 6/19/19, at 1.[3] The trial court further recognized that both of Appellant's *pro se* filings are nullities, and cited Pa.R.Crim.P. 576(A)(4).[4] *Id.* at 2.

Likewise, the Commonwealth argues that this appeal should be quashed because Appellant "filed his *pro se* notice of appeal after the thirty day appeal period had expired, [and Appellant] was represented by counsel at the time." Commonwealth Brief at 3.

We agree with the trial court and the Commonwealth.

> [H]ybrid representation is not permitted. *See Commonwealth v. Jette*, 611 Pa. 166, 23 A.3d 1032, 1036 (2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented by counsel is impermissible as hybrid

---

[3] The trial court did not direct Appellant to file a concise statement under Pa.R.A.P. 1925(b) and Appellant did not do so.

[4] "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file." Pa.R.Crim.P. 576.

representation). . . . [I]ndeed, *pro se* motions have no legal effect and, therefore, are legal nullities. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a *pro se* post-sentence motion filed by a petitioner who had counsel). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Moreover, a *pro se* filing has no tolling effect. ***See*** Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016).

Appellant filed his *pro se* post-sentence motion and notice of appeal while still represented by counsel. It is well-settled that an appellant does not have a right to proceed both *pro se* and with the benefit of counsel. ***See id.*** While the prohibition against hybrid representation does not nullify *pro se* notices of appeal, because "a notice of appeal protects a constitutional right," our review reveals that Appellant was advised of his post-sentence rights at sentencing on February 19, 2019, and filed his untimely *pro se* post-sentence motion on May 10, 2019 and *pro se* notice of appeal on June 3, 2019. Although the record does not indicate that copies were sent to counsel as directed in Pa.R.Crim.P. 576(A)(4), and the trial court improperly denied the post-sentence motion to correct illegal sentence on May 16, 2019, the motion was nonetheless a legal nullity with no effect, ***Williams***, ***supra***, and both filings were untimely. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2020