J-S52002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL KIN | : | |
| | : | |
| Appellant | : | No. 1070 EDA 2020 |

Appeal from the Order Entered April 2,2020,
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000350-2017

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED:  MAY 7, 2021**

Michael Kin appeals from the order of the Court of Common Pleas of Pike County denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. The PCRA court denied the petition after holding a hearing on, and subsequently rejecting, Kin's claim that his plea counsel had been ineffective for failing to seek an evaluation of Kin's mental competence. After careful review of the entire record, part of which this Court had to obtain in the wake of PCRA counsel's failure to provide a complete record on appeal, we affirm.

Kin pled guilty to involuntary deviate sexual intercourse and intimidation, retaliation or obstruction in a child abuse case after sexually

_____

[*] Former Justice specially assigned to the Superior Court.

assaulting a seven-year-old boy. The court sentenced Kin to ten to 20 years' imprisonment on May 10, 2018. Kin was represented by privately retained counsel during his plea and at sentencing. He did not file a direct appeal.

Kin did file a timely *pro se* PCRA petition. He then subsequently retained private counsel. Counsel filed an amended, and then a second amended, PCRA petition, alleging that plea counsel had been ineffective for failing to have Kin's mental competence evaluated prior to allowing him to enter a guilty plea.

The PCRA court held an evidentiary hearing on Kin's ineffectiveness claim on January 10, 2020. At the hearing, Dr. Richard Fischbein, a psychiatrist hired by Kin, testified about his findings on Kin's mental competency. Kin's plea counsel also testified at the hearing, recounting his observations regarding Kin's mental acuity and the reasons why he did not see the need to have Kin's competency evaluated. The PCRA court took the matter under advisement.

On February 21, 2020, Kin filed a *pro se* request for the transcript from the PCRA hearing. As Kin was represented by counsel, the PCRA court denied the request but sent a copy of the request to counsel and granted counsel ten days to "review and determine whether to adopt the attached request and file a proper request on behalf of [Kin]." PCRA Court Order, 3/9/20, at 1. Kin sent another *pro se* request for the transcript on March 13, 2020. He then followed that request with two *pro se* letters to the court on March 23 and 30 of 2020,

both of which inquired whether his counsel had filed a request for the transcript on his behalf.

The PCRA court entered an order denying the second amended PCRA petition on April 2, 2020. The court specifically noted in its order that, at the time of the order, it had not received any request from counsel for the January 10, 2020 PCRA hearing transcript and therefore no such transcript had been prepared. The court then went on to detail the testimony it had heard from Dr. Fischbein and plea counsel at the hearing. Based on that testimony, the court determined that Kin had failed to show that plea counsel had no reasonable basis for declining to have Kin evaluated for competency. **See** PCRA Court Order, 4/2/20, at 5-7. The court therefore rejected Kin's ineffectiveness claim and dismissed Kin's second amended PCRA petition.

Kin filed a timely *pro se* notice of appeal, which also specifically requested the transcript from the January 10, 2020 hearing.[1] The PCRA court ordered Kin to file a Pa.R.A.P. 1925(b) statement of errors complained of on

_____

[1] Kin's *pro se* notice of appeal did not include the April 2, 2020 date of the PCRA court's order denying his petition from which Kin was appealing. This Court issued a rule to show cause why the appeal should not be quashed on the basis of this omission. Kin did not respond, and this Court issued an order dismissing the rule-to-show-cause order and referring the matter to this panel. We see no reason to quash the appeal on this basis. The notice of appeal was timely filed and it is clear Kin is appealing from the April 2, 2020 order denying his PCRA petition. **See** Pa.R.A.P. 902. Further, Kin's act in filing the notice of appeal *pro se* is an exception to the general prohibition on hybrid representation. **See Commonwealth v. Williams**, 151 A.3d 621, 623-24 (Pa. Super. 2016).

appeal. Counsel complied, filing a Pa.R.A.P. 1925(b) statement on behalf of Kin. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion that concluded that it had properly found Kin's ineffectiveness claim regarding the need for a mental competency evaluation to be without merit.

Kin's appeal is now before us. As an initial matter, we note that the record did not include a transcript of the PCRA hearing upon its certification to this Court.

In Kin's appellate brief, counsel does not explicitly acknowledge that the PCRA hearing transcript was never made part of the record. Instead, in making the claim that Dr. Fischbein's findings refute the PCRA court's determination that plea counsel was not ineffective for seeking a competency evaluation, counsel cites to Dr. Fischbein's written independent psychiatric evaluation of Kin rather than to any notes of testimony. While the brief does acknowledge in passing that counsel was notified of Kin's *pro se* request for the transcript, counsel does not in any way attempt to explain why he did not follow up on that request or otherwise ensure that the transcript was made a part of the certified record.

The Commonwealth argues that this Court should decline to review Kin's claim because of this failure to include the PCRA hearing transcript in the certified record. The Commonwealth asserts that this Court, without the benefit of this transcript, does not have the ability to conduct a meaningful review of Kin's claim. This is especially true, the Commonwealth maintains,

when the PCRA court's decision to deny relief was premised on credibility determinations. The Commonwealth points out that the burden is unequivocally on the appellant to ensure the certified record is complete and contains the materials necessary for this Court to perform its duty. *See* Pa.R.A.P. 1911.

The Commonwealth is clearly correct that it was Kin's burden to have the notes of testimony from the PCRA hearing transcribed and incorporated in the record. The Commonwealth is also correct that this Court would not be able to properly review Kin's claim without access to this transcript. Nonetheless, we recognize that the circumstances of this case are unusual. Kin's first of several *pro se* requests for the transcription of the PCRA hearing was forwarded to counsel with instructions for counsel to file a proper request for the transcript within ten days if deemed warranted. Counsel did not do so, despite the transcript's obvious importance to Kin's claim on appeal. Kin continued to file *pro se* inquiries into the status of the transcription and once again requested the transcript in his *pro s*e notice of appeal. However, there is no indication in the record that counsel ever took any steps to ensure that the PCRA hearing was transcribed and made a part of the record. Counsel offers no explanation for his inaction.

In light of these circumstances, this Court made an informal inquiry regarding the transcript to our Prothonotary's Office, which was able to obtain a copy of that transcript. As we are now able to review the PCRA hearing

transcript, we will proceed to the merits of Kin's claim. However, we do so only after reminding counsel that it remains his responsibility, as appellate counsel, to provide a record to this Court that allows us to review the claims raised by the clients he represents.

In his first two claims, Kin argues that the PCRA court erred by concluding that counsel was not ineffective for failing to have Kin's mental competency evaluated. He contends that counsel was aware that Kin is missing part of his cerebellum and has an IQ of 72. According to Kin, this knowledge should have prompted plea counsel to have Kin's competency assessed to see if he was competent to enter a valid guilty plea. Kin further argues that Dr. Fishbein's testimony, which included his opinion that Kin was not competent at the time he pled guilty, makes it "inconceivable that [plea counsel]'s inaction in getting [Kin] evaluated [was] reasonable." Appellant's Brief at 24. Kin argues that the PCRA court erred in reaching a different conclusion and denying his PCRA petition on the basis that plea counsel had not been ineffective for failing to have Kin's mental competence evaluated. This claim does not warrant any relief.

When we review the denial of a PCRA petition, we examine whether the PCRA court's determinations are supported by the record and free of legal error. *See Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013). The PCRA court's credibility determinations, when supported by the record, are

binding on this Court. *See id.* However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See id.*

Counsel is presumed to have been effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Kin must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. *See id.* In determining whether counsel's actions or omissions were reasonable, the question is not whether there were other more logical courses of action counsel could have pursued; rather, the question is whether counsel's decisions had any reasonable basis. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011).

The ineffectiveness claim Kin raises here challenges plea counsel's decision not to seek an evaluation of Kin's mental competency. A defendant is presumed to be competent and bears the burden of proving otherwise. The mere fact that a defendant has been diagnosed with a mental disorder does not render him incompetent to plead guilty. *See Commonwealth v. Hughes*, 555 A.2d 1264, 1271 (Pa. 1989); *Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004) (opinion announcing judgment of court). Rather, to prove he was incompetent to stand trial or plead guilty, a defendant must prove he

was either unable to understand the nature of the proceedings against him or unable to participate in his own defense. *See Commonwealth v. Bomar*, 104 A.3d 1179, 1196 (Pa. 2014); *Commonwealth v. Watkins*, 108 A.3d 692, 703 (Pa. 2014).

At the PCRA hearing, the court heard from Dr. Fischbein regarding Kin's mental competence. Dr. Fischbein testified that he had been retained by Kin to conduct an independent psychiatric evaluation and met with Kin at SCI Fayette to do so. Dr. Fischbein stated in his report that it was clear "early on" that Kin had "somewhat limited intellect." Fischbein's Independent Psychiatric Report, 6/13/19, at 7. Dr. Fischbein testified that Kin had a full-scale IQ of 72, which put him in the borderline intellectual functioning range. *See* N.T. Hearing, 1/10/20, at 10, 11, 16. He also testified that Kin was missing part of his left cerebellum, which is the part of the brain which affects balance, speech and coordination. *See id.* at 9, 17. This left Kin with a stutter and "clumsy." *See id*. at 17.

Dr. Fischbein testified that he utilized the McGarry criteria to assess Kin's competency.[2] *See id.* at 26. The PCRA court elaborated on Dr. Fischbein's testimony regarding the McGarry criteria:

---

[2] The McGarry Criteria "breaks down capacity or competency into thirteen individual questions that address whether or not the individual understands the charges he is facing, whether or not he/she understands the different individuals in the courtroom and their roles and whether or not the defendant has the ability to aid his attorney in his defense." Fischbein Independent Psychiatric Report, 6/30/19, at 13.

> Dr. Fischbein's evaluation of the McGarry criteria to assess competency indicated that [Kin] had a basic understanding of the people in the courtroom, was unsure of how a jury works and the judge's responsibilities, understood the charges against him, and appreciated the seriousness of those charges. Dr. Fischbein also testified that [Kin's] passivity, strong desire to please others, and distaste for being perceived as stupid by others would likely result in lack of capacity. However, that capacity could be restored and sustained, even for trial, by an attorney who understands [Kin's] condition and aggressively questions [Kin's] understanding.

PCRA Court Order, 4/2/20, at 6. In his report, Dr. Fischbein stated that it was his opinion that Kin did not maintain competence at the time of his plea agreement. However, Dr. Fischbein stated in his report that it was also his opinion that Kin's competency could likely be restored with some assistance. *See* Fischbein's Independent Psychiatric Report, 6/13/19, at 15.

Following Dr. Fischbein's testimony at the hearing, Kin's plea counsel took the stand. Counsel testified that Kin's parents were very involved in Kin's case, and that they informed counsel from the outset that Kin was cognitively impaired and provided him with evaluations regarding those impairments and his IQ. *See* N.T. Hearing, 1/10/20, at 57, 64. Given this knowledge, counsel testified:

> When I met with [Kin] and each of the times I met with [Kin] I wanted to determine whether or not he understood what was going on, who the parties were, who the police were, who the prosecuting attorney was, who the judge was, et cetera. [A]nd through my various conversations with him it became abundantly clear to me that he did understand what was going on, that he was capable of aiding in his defense.

*Id*. at 64.

Counsel then expanded on his reasons for not having Kin evaluated for competency. Specifically, as noted by the PCRA court, counsel testified that he met with Kin four or five times. *See id*. at 56. Counsel indicated that Kin actively participated in the planning of his defense. To that end, counsel testified that Kin offered a defense which he asked to be advanced on his behalf, though he changed his mind after deciding to accept responsibility for his crimes. *See id*. at 64-65, 67. Counsel recalled that Kin had proposed a counter-offer to the amount of jail time in the Commonwealth's initial plea offer. *See id*. at 65. Counsel also testified that Kin sent numerous correspondences to him, specifically asked him not to share certain information with his parents, and did not give the impression that he was merely "yessing" him without an understanding as to what he was doing. *See id.* at 54, 67, 68.

Counsel also discussed meeting with Kin to complete his written guilty plea colloquy. *See id*. at 60-62. Counsel testified that he went over the colloquy in detail with Kin, reading each section to him and adding information as provided by Kin. *See id*. at 61, 62, 69. He stated that Kin initialed and signed the colloquy where indicated. *See id.* at 62. Counsel testified that it was his impression that Kin understood the potential sentences involved and the terms of the agreement. *See id*. at 65.

Based on all of his interactions with Kin, counsel testified that he came to the conclusion that Kin "knew exactly what was happening and what he was

doing and could participate in his defense." *Id*. at 65; *see also id.* at 62-63. As such, counsel determined that he did not see the need for Kin to be evaluated for purposes of establishing that he was competent to enter into a valid guilty plea. *See id*. at 62-63. Counsel recounted that he discussed this conclusion with Kin's parents. *See id*. at 66.

The PCRA court considered both plea counsel's and Dr. Fischbein's testimony, along with the entire record, and reached the conclusion that Kin had failed to establish that plea counsel had no reasonable basis for failing to have Kin evaluated for mental competency. The court specifically found plea counsel's testimony was credible and established that Kin "participated in his own defense, carefully considered his situation and adapted when appropriate, and in general did not present symptoms of incompetence." PCRA Court Order, 4/2/20, at 7. Moreover, the PCRA court pointed out that Kin had not raised any issues at the guilty plea colloquy regarding his ability to understand the guilty plea or the proceedings.[3] *See id.* The court also noted that Kin had filed several *pro se* documents, including the *pro se* request for transcripts which was proper in every way except for being filed *pro se* instead of through counsel. *See id.* All of this led the court to conclude that plea counsel's

---

[3] The PCRA court was the same court that had accepted Kin's guilty plea as knowingly and voluntarily made. At the guilty plea colloquy, the court specifically noted that Kin had "referenced certain conditions in the mental health portion of the [written] colloquy." Guilty Plea Colloquy, 2/1/18, at 5. The court then asked Kin if "those conditions affect your ability at all to understand what you are doing here today?" *Id*. Kin responded "no." *Id*.

"decision not to have [Kin] evaluated was entirely reasonable." PCRA Court Opinion, 6/19/20, at 6.

Our own thorough review of the record reveals that the PCRA court's findings are supported by the record. As the PCRA court made clear, the burden was on Kin to establish that plea counsel had no reasonable basis for failing to have Kin's competency evaluated. The PCRA court found, however, that plea counsel's credible testimony established that his interactions with Kin provided him with a reasonable basis for not seeking a mental competency evaluation. The PCRA court therefore concluded that counsel had not been ineffective for declining to do so. We see no error in the court's conclusion in this regard. Accordingly, as we are bound by the court's credibility findings, and conclude that the court's determinations are both supported by the record and free of legal error, we will not disturb the PCRA court's order finding that Kin's ineffectiveness claim fails to provide him with any basis for relief. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (holding this Court will not disturb a PCRA court's ruling if it is supported by the record and free of legal error).

In his final claim, Kin argues that his plea was not knowing and voluntary. As the PCRA court found, however, Kin did not raise this issue in his amended PCRA petitions. Instead, he only raised his claim that counsel was ineffective for failing to have him evaluated for competency. Accordingly, we agree with the PCRA court that Kin's claim on appeal that his plea was not

knowingly entered is waived. ***See Commonwealth v. Albrecht***, 720 A.2d 693, 706 (Pa. 1998) (holding that issues not raised in an amended PCRA petition are waived).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/21