**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES THOMAS SMITH | : | |
| | : | |
| Appellant | : | No. 747 WDA 2021 |

Appeal from the PCRA Order Entered June 9, 2021
In the Court of Common Pleas of Armstrong County
Criminal Division at CP-03-CR-0000532-2016

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.: **FILED: JULY 20, 2022**

James Thomas Smith (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we are constrained to find appellate counsel *per se* ineffective, and remand with instructions.

For cohesion and future proceedings, we explain the case history.

<u>FACTS</u>

This Court previously summarized the facts leading to Appellant's convictions as follows:

> Appellant and the victim had a three-year romantic relationship that was fraught with Appellant's manipulative and controlling behavior, including erratic temper tantrums and threats of violence toward the victim and her children. The relationship ended in 2012, and in 2013, the victim obtained a Protection from Abuse Order ("PFA"), which was effective from August 2013

through August 2016. The PFA prohibited Appellant from having any contact with the victim, her children, and her parents; it also excluded Appellant from the victim's residence. Despite the PFA, Appellant continued to contact the victim, and made multiple threats to the victim and her children.

On June 24, 2016, Appellant saw the victim with another man at an ice cream store, and confronted her, stating "I told you what would happen if I ever saw you with anyone, and this is not done. I promise you tonight this will be done. I promise you that it will be over." N.T. Trial, 10/11/17, at 55. Throughout that evening, Appellant sent the victim numerous text messages and voicemails. Appellant also parked his car approximately one half mile from the victim's house, and sat in the woods watching her house all evening.

At approximately 3:00 AM on June 25, 2016, Appellant broke into the victim's home using a pipe wrench. He then entered her bedroom, and locked the bedroom door. The victim went to the bathroom at one point with her cell phone and texted the neighbors for help. When she returned to the bedroom, Appellant raped her. After several hours, Appellant took the victim's cell phone, told her to lie if anyone asked why her door frame was broken, and forced her to drive him to his car.

***Commonwealth v. Smith***, 220 A.3d 641 (Pa. Super. 2019) (unpublished memorandum at *1) (footnote omitted).

PROCEDURAL HISTORY

On October 13, 2017, a jury convicted Appellant of rape, involuntary deviate sexual intercourse, burglary, aggravated indecent assault, criminal trespass, criminal mischief, and kidnapping.[1] On December 19, 2017, the trial court sentenced Appellant to an aggregate 216 to 432 months (18 to 36 years)

---

[1] 18 Pa.C.S.A. §§ 3121(a)(2), 3123(a)(2), 3502(a)(1), 3125(a)(3), 3503(a)(ii), 3304(a)(5), and 2901(a)(2).

- 2 -

of incarceration. On July 9, 2019, this Court affirmed his judgment of sentence. **Smith**, **supra**. Appellant did not seek review with the Pennsylvania Supreme Court.

On July 8, 2020, Karissa Murphy, Esquire, filed a counseled PCRA petition on Appellant's behalf.[2] In the petition, Appellant claimed ineffective assistance of trial counsel, Blaine Jones, Esquire, and Nicole Nino, Esquire.[3] The PCRA court held a hearing on January 29, 2021. Appellant testified, and presented testimony from Attorney Jones; Attorney Nino; Appellant's mother, Linda Smith; and Appellant's cousin, Danny Libengood. The Commonwealth did not call additional witnesses. At the close of evidence and at the request of Attorney Murphy, the PCRA court ordered the parties to submit post-hearing briefs. On June 9, 2021, the PCRA court entered an order and memorandum denying relief. Attorney Murphy filed a timely appeal on Appellant's behalf on June 28, 2021. That same day, the PCRA court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). However, Attorney Murphy also filed a successful motion to withdraw from representing Appellant on June

---

[2] The trial court docket incorrectly indicates that trial counsel, Blaine Jones, Esquire, filed the PCRA petition. The docket correctly indicates Attorney Murphy entered her appearance for Appellant 12 days later, on July 20, 2020.

[3] Attorney Nino worked with Attorney Jones at Blaine Jones Law, LLC. **See** PCRA Court Memorandum, 6/9/21, at 4. On August 4, 2017, both counsel entered their appearance on Appellant's behalf. **Id.**

- 3 -

28, 2021. Therefore, on July 19, 2021, she filed a "Motion to Appoint Appellate Counsel and For Extension of Time to File Concise Statement."

On July 20, 2021, the PCRA court appointed Public Defender Charles Pascal, Esquire, to represent Appellant on appeal, and provided counsel with an additional 30 days to file Appellant's Rule 1925(b) concise statement. Attorney Pascal did not enter his appearance. Rather, Appellant's current counsel, Public Defender Preston Younkins, Esquire, entered his appearance approximately one month later, on August 13, 2021. Approximately six weeks later, the PCRA court issued a Rule 1925(a) Memorandum stating:

> The [concise] statement was due 30 days from the date new counsel entered an appearance, which occurred on August 13, 2021. The concise statement therefore was due on or before September 13, 2021. To date, no concise statement has been filed. Because the statement was ordered and not filed, the [c]ourt first would conclude that any issues raised on appeal are waived. Even if they are not waived, however, the merits of [Appellant's] PCRA claims thoroughly were addressed by the [PCRA c]ourt in the memorandum accompanying its June 9, 2021 order.

Rule 1925(a) Memorandum, 9/27/21, at 2.

Approximately two months after the PCRA court's Rule 1925(a) Memorandum, Attorney Younkins filed a petition for remand with this Court. He averred:

> That due to case load within the Public Defender's office and misunderstanding within the office, the 1925(b) Statement was not filed.
>
> That Defendant believes that only a very short period of time, perhaps 10 days, would be necessary to file said 1925(b) Statement, as the same has been substantially prepared.

That as most, if not all, issues set forth in the 1925(b) Statement would reflect matters already addressed by the Trial Court, this remand would not cause undue delay for the processing of the case.

Petition for Remand, 11/29/21, at 3 (unnumbered).

In response, this Court issued the following order:

Upon consideration of the November 29, 2021 "Petition to Remand," filed by Counsel for Appellant Smith, the following is ORDERED:

The record is REMANDED to the trial court for a period of time not to exceed forty (40) days. Appellant shall, within fourteen (14) days of the date of this Order, file of record in the trial court and serve on the trial judge a concise statement of the errors complained of on appeal. The trial court shall thereafter prepare a revised opinion in conformity with Pa.R.A.P. 1925(a), if necessary. The briefing schedule is SUSPENDED and shall be reset following the return of the record to this Court. Jurisdiction of this court is RETAINED pending compliance with this order.

Order, 12/3/21.

Thereafter, the PCRA court returned the record to this Court, stating:

[H]aving received the Superior Court's Order of December 3, 2021, which order directed the filing on remand of a Rule 1925(b) Concise Statement within 14 days, or by December 17, 2021, this Court having received no such filing as of this date, NOW THEREFORE, it is ORDERED and DIRECTED that the Armstrong County Clerk of Courts transmit the entirety of the record ... to the Superior Court of Pennsylvania. The Court further reaffirms its prior memoranda filed on June 9, 2021, and September 27, 2021.

Order, 1/6/22.

On February 23, 2022, Attorney Younkins entered his appearance with this Court. He filed Appellant's brief on March 16, 2022, presenting one question:

I. DID THE [PCRA] COURT ERR IN DETERMINING [APPELLANT] WAS NOT PREJUDICED BY THE TRANSFER OF THIS MATTER FOR TRIAL FROM ATTORNEY R. BLAINE JONES, ESQ., TO ATTORNEY NICOLE NINO, ESQ.?

Appellant's Brief at 4.

Despite the one stated issue, Attorney Younkins avers: "Given the [legal] standards set forth previously, and [the PCRA court's] extensive opinion, Counsel does not believe that there is a basis to continue to argue those particular points." *Id.* at 10. He then presents five cursory issues, with a single general case cite, regarding trial counsels' effectiveness for: 1) failing to request a non-jury trial; 2) failing to object to the amendment of the criminal information charging burglary; 3) referring to Appellant as "pathetic"; 4) failing to obtain medical records; and 5) "transferring" Appellant's case to another attorney in the firm. *Id.* at 11-23.

Notably, Appellant recently filed with this Court a *pro se* application for relief, seeking to "present layered ineffective assistance of counsel claims against current and previous counsel." **See generally**, Application for Relief, 6/9/22, at 1-4 (alleging "Appellant's counsel, past and present, have fallen well below the threshold of effective assistance," and "request[ing] appropriate review and resolution of the ineffective assistance claims."). As Appellant is currently represented by Attorney Younkins, his *pro se* filing is

improper. Hybrid representation is not permitted. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) (when an appellant is represented by counsel, "*pro se* motions have no legal effect and, therefore, are legal nullities."). Thus, we may not consider the merits of Appellant's *pro se* application for relief.

DISCUSSION

With respect to the underlying order, it is well-settled that we review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.*** In this case, our review is impeded by appellate counsel's *per se* ineffectiveness.

Counsel's failure to file a Rule 1925(b) statement when ordered to do so constitutes *per se* ineffectiveness. ***See Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*) ("The complete failure to filed the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal."). The Rules of Appellate Procedure state:

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an

opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Our review leads us to conclude that appellate counsel has been *per se* ineffective for failing to timely file a Rule 1925(b) statement.[4] We therefore remand this case for the PCRA court to appoint new counsel for Appellant within 21 days of the date the certified record is returned to the PCRA court. New counsel shall enter his or her appearance, and file a Rule 1925(b) statement with the PCRA court within 21 days of the date of appointment, unless the time is extended by the PCRA court. Recognizing that the PCRA court filed a memorandum with its order, the court may file a supplemental 1925(a) opinion, or file a statement that no further opinion is necessary, within 30 days of the filing of the Rule 1925(b) statement. The PCRA court shall ensure that the Rule 1925(b) statement and supplemental opinion (or statement that no further opinion is necessary), is included in the certified record returned to this Court. When the record is returned to this Court, the parties shall be afforded a new briefing schedule to address the issues raised in the Rule 1925(b) statement.

_____

[4] Recognizing the PCRA "stands as the sole means of raising collateral challenges and of obtaining relief at the state level," the Pennsylvania Supreme Court recently addressed a petitioner's "rule-based right to effective assistance of PCRA counsel." ***Commonwealth v. Bradley***, 261 A.3d 381, 391-92 (Pa. 2021).

Appellant's *pro se* application for relief denied. Case remanded with instructions. Panel jurisdiction retained.