J-S47007-16

2016 PA Super 262

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| HENRY L. WILLIAMS, | |
| | |
| Appellant | No. 2078 MDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001747-2010

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

OPINION BY SHOGAN, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Henry L. Williams, appeals from the judgment of sentence entered on October 16, 2015.  For the reasons that follow, we affirm.[1]

On April 19, 2011, Appellant was found guilty by a jury of corrupt organizations, criminal conspiracy, criminal use of a communication facility, and four counts of possession with intent to deliver a controlled substance. On August 4, 2011, Appellant was sentenced to an aggregate term of eleven to twenty-two years of incarceration.  The sentence included mandatory minimum sentences based on the weight of the controlled substances pursuant to 18 Pa.C.S. § 7508.  Appellant filed a direct appeal to this Court,

---

[1] This appeal was quashed on August 1, 2016, because Appellant's counseled notice of appeal was untimely, and Appellant's *pro se* notice of appeal, while timely, was initially considered a nullity as hybrid representation.  Reconsideration was granted on September 28, 2016, to allow this Court to address the effect of Appellant's *pro se* notice of appeal.

and we affirmed the judgment of sentence on May 8, 2013. *Commonwealth v. Williams*, 1399 MDA 2011, 81 A.3d 993 (Pa. Super. filed May 8, 2013), *appeal denied*, 80 A.3d 777 (Pa. filed November 19, 2013).

While Appellant's direct appeal was pending, the United States Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court held, "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155. In applying *Alleyne*, this Court has held that, generally, Pennsylvania's mandatory minimum sentencing statutes are unconstitutional because the mandatory sentencing statutes "permit[] the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); and *see Commonwealth v. Vargas*, 108 A.3d 858, 876-877 (Pa. Super. 2014) (*en banc*) (holding 18 Pa.C.S. § 7508 unconstitutional under *Alleyne*), *appeal denied*, 121 A.3d 496 (Pa. 2015). Additionally, this Court has concluded that if a defendant's case was pending on direct appeal when *Alleyne* was decided, that defendant was entitled to retroactive application of the holding from *Alleyne*. *Newman*, 99 A.3d at 90.

Appellant filed a timely petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In light of *Alleyne* and the Pennsylvania cases interpreting that decision, the PCRA court granted Appellant's PCRA petition, vacated his judgment of sentence, and directed Appellant to be resentenced. PCRA Order, 9/16/15. On October 16, 2015, the trial court resentenced Appellant.

Following resentencing, Appellant filed a timely counseled post-sentence motion on October 26, 2015. The trial court denied the motion in an order that was filed on October 29, 2015. Appellant had until November 28, 2015, thirty days from October 29, 2015, in which to file a timely appeal. Pa.R.A.P. 903; Pa.R.Crim.P. Rule 720(A)(2)(a). However, because November 28, 2015 fell on a Saturday, Appellant had until Monday, November 30, 2015, to file his notice of appeal. 1 Pa.C.S. § 1908.

The docket reflects that Appellant filed a *pro se* notice of appeal on November 19, 2015. Because Appellant was represented by counsel, the notice of appeal was docketed in the trial court and forwarded to counsel on November 25, 2015 pursuant to Pa.R.Crim.P. 576(A)(4). The *pro se* notice of appeal was not forwarded to this Court. Appellant's counsel subsequently filed an untimely notice of appeal on December 1, 2015.

In this Commonwealth, hybrid representation is not permitted. **See** **Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented

by counsel is impermissible as hybrid representation). Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a *pro se* post-sentence motion filed by a petitioner who had counsel). When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Moreover, a *pro se* filing has no tolling effect. **See** Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

We point out, however, that Superior Court Internal Operating Procedure ("I.O.P.") 65.24 addresses hybrid representation in the context of a notice of appeal as follows:

> Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record.
>
> Exceptions:
>
> > 1. A pro se notice of appeal received from the trial court shall be docketed, **even in instances where the pro se [appellant] was represented by counsel in the trial court**.

- 4 -

2. A motion by the pro se for appointment of new counsel, for reasons such as abandonment by counsel, or to proceed pro se shall be docketed and referred to Central Legal Staff, or the merits panel if constituted, for review and further action by the Court.

3. A pro se brief or writing filed in response to counsel's petition to withdraw from representation.

210 Pa. Code § 65.24 (emphasis added). Thus, we must address the difference between pro se **filings**, generally, that are "noted on the docket" under Pa.R.Crim.P. 576(A)(4), as opposed to a **notice of appeal** being "docketed" under I.O.P. 65.24.

In **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993), the Supreme Court addressed issues created where a criminal defendant is represented by counsel, yet files a pro se appellate brief. The Court noted that while there is no right to hybrid representation, there is **right of appeal** pursuant to Article 5, § 9 of the Pennsylvania Constitution. **Ellis**, 626 A.2d at 1138. The **Ellis** Court distinguished between overburdening appellate courts with pro se briefs and allowing for the protection of one's constitutional right to an appeal. **Id**. at 1141.[2]

Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal

---

[2] **Cf. Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011) (discussing a procedural "quagmire" and holding that a pro se notice of appeal that was filed before a counseled post-sentence motion and a subsequent counseled notice of appeal should have been considered timely where the Superior Court administratively quashed the counseled appeal).

knowledge and strategy in creating a motion, petition, or brief.[3]  We thus hold that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel, based on the rationale in **Ellis** and I.O.P. 65.24.  Additionally, in the case at bar, Appellant's *pro se* notice of appeal was docketed in the trial court but not forwarded to this Court pursuant to Pa.R.A.P. 902 (note).[4]  We deem this a breakdown in the operation of the courts.[5]  Therefore, we shall accept this appeal as timely.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Did sufficient evidence exist for the jury to find [Appellant] guilty of criminal conspiracy to deliver a controlled substance, or any counts of possession with the intent to deliver a controlled substance, where no drugs or physical evidence was presented at trial?

---

[3] As noted by Justice Todd in her dissent in **Cooper**, the *pro se* filing of a notice of appeal where a defendant is represented by counsel is without question hybrid representation, and difficulties will arise; *e.g.*, where a *pro se* appeal divests the trial court of jurisdiction under Pa.R.A.P. 1701 before a counseled post-sentence motion is filed.  **Cooper**, 27 A.3d at 1009 (Todd, J., dissenting).  However, this concern appears to have been addressed by the Majority in **Cooper** wherein such an appeal was labeled "merely premature" when the trial court addressed the post-sentence motion.  **Cooper**, 27 A.3d at 1007.

[4] The notice of appeal that was forwarded to this Court and docketed was the counseled notice of appeal filed on December 1, 2015.

[5] **See Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) ("[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court.").

2. Did the court err by using "enhanced" sentencing guidelines, thereby elevating the offense gravity scores of the crimes due to the alleged weight of the controlled substances involved, without making any finding on the record at either the sentencing hearing or the resentencing hearing as to the weights of the controlled substances and relying on the weights of the controlled substances determined by the jury at the time of the trial?

Appellant's Brief at 4.

In his first issue, Appellant presents a challenge to the sufficiency of the evidence underlying his 2011 convictions in this matter. Before we proceed further, we address the Commonwealth's argument that Appellant's issue is not properly before us. Commonwealth's Brief at 13. In support of its argument, the Commonwealth cites to this Court's decision in **Commonwealth v. Anderson**, 801 A.2d 1264 (Pa. Super. 2002).

In **Anderson**, we addressed the limited issues an appellant could raise in a second direct appeal where the appellant already had the benefit of a direct appeal and was later resentenced:

> As noted *supra*, however, appellant has already had the benefit of a direct appeal, and at that time did not challenge his conviction on any basis, including counsel's ineffectiveness. Rather, the only issues he raised concerned the unconstitutionality of his sentence. Having succeeded on these issues and having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand.

**Anderson**, 801 A.2d at 1266. We agree with the Commonwealth.

As stated previously, Appellant has already litigated a direct appeal challenging his convictions and judgment of sentence. In that appeal,

Appellant raised one issue challenging the trial court's ruling that allowed an FBI agent to testify in his capacity as both an expert and a lay witness. Pa.R.A.P. 1925(b) Statement, 8/24/11. This Court affirmed Appellant's judgment of sentence in a Judgment Order filed on May 8, 2013.

Because Appellant had the benefit of a direct appeal, he is barred from raising any issues other than a challenge to the sentence imposed on remand. **Anderson**, 801 A.2d at 1266. Accordingly, Appellant's first issue wherein he challenges the sufficiency of the evidence is waived for Appellant's failure to raise it in his first direct appeal.

In his second issue, Appellant alleges that the trial court abused its discretion in applying an elevated offense gravity score ("OGS") that was based on the weight of the controlled substances. A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence. **Commonwealth v. Lamonda**, 52 A.3d 365, 370-371 (Pa. Super. 2012).

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. **Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

As discussed above, we have determined that Appellant filed a timely appeal. Appellant also properly included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. However, we are constrained to agree with the positions taken by both the trial court and the Commonwealth that Appellant failed to preserve this challenge to the OGS at the time of sentencing or in a post-sentence motion. Trial Court Opinion, 1/29/16, at 14-16; Commonwealth's Brief at 20. A review of the record reveals that while Appellant did file a timely post-sentence motion, he never mentioned the OGS. Appellant only argued that his aggregate sentence was excessive due to the individual sentences being ordered to run consecutively as opposed to concurrently. Post-Sentence Motion, 10/26/15. Because the OGS was not raised in any manner, we conclude Appellant has waived this challenge to the discretionary aspects of his sentence. ***Moury***, 992 A.2d at 170.

For the reasons set forth above, we conclude that Appellant is entitled to no relief.  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/23/2016</u>