J-A04005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACK GIBSON JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DORRINE MCKINNEY | : | |
| | : | |
| Appellant | : | No. 2447 EDA 2016 |

Appeal from the Order July 12, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 06-08819

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

CONCURRING STATEMENT BY SOLANO, J.:          **FILED APRIL 27, 2017**

The trial court ordered Mother to file a statement of errors pursuant to Rule of Appellate Procedure 1925(b), and Mother complied on August 23, 2016.  The trial court accepted Mother's statement and issued a Rule 1925(a) opinion that addressed the errors that Mother listed.  I see nothing to be gained from the Majority's decision to deem all of Mother's issues unpreserved because her Rule 1925(b) statement was signed by Mother herself, rather than by her counsel, and I do not believe our precedents require that result.

If an appellant fails to file a statement under Rule 1925, we deem the appellant's issues waived because the trial court is deprived of an opportunity to consider them.  ***Commonwealth v. Castillo***, 888 A.2d 775, 779 (Pa. 2005).  But there was no such lost opportunity here; the Rule

_____

[*] Retired Senior Judge assigned to the Superior Court.

1925(b) statement was filed and the trial court considered Mother's issues. Although we do not permit hybrid representation, we nevertheless accept hybrid filings if failing to do so will deprive a litigant of her constitutional rights. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). A holding that Mother's Rule 1925(b) statement was a nullity forecloses Mother's right to appellate review under Article V, Section 9 of the Constitution of Pennsylvania. I would not render such a holding on these facts.

I would affirm on the merits for the reasons stated in the opinion by the Honorable Risa Vetri Ferman on September 13, 2016. Accordingly, I respectfully concur in the result.