J-S41012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA BRIAN FETTEROLF, | |
| Appellant | No. 45 MDA 2017 |

Appeal from the Judgment of Sentence December 5, 2016
in the Court of Common Pleas of Union County
Criminal Division at No.: CP-60-MD-0000145-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JULY 27, 2017**

Appellant, Joshua Brian Fetterolf, appeals from the judgment of sentence imposed following remand to the trial court for re-sentencing on his conviction of indirect criminal contempt (ICC)[1] at Docket No. CP-60-MD-0000145-2015.  We affirm.

A previous panel of this Court, in a consolidated appeal, set forth the background of this matter as follows:

> On October 9, 2014, the trial court entered an Order pursuant to the Protection from Abuse Act ("PFA") Act[, 23 Pa.C.S.A. §§ 6101-6122,] in favor of Delann Fetterolf, Appellant's wife ("Wife").  The Order prohibited Appellant from having "any contact with [Wife], either directly or indirectly . . .

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S.A. § 6114(a).

." It also directed that, "[Appellant] shall not contact [Wife] . . . by telephone or by any other means, including through third persons."

On November 21, 2014, the Commonwealth filed an ICC complaint against Appellant at CP-60-MD-0000340-2014 alleging [eighteen] counts of violating the October 9, 2014 PFA Order.

On April 27, 2015, the Commonwealth filed a second ICC complaint against Appellant at CP-60-MD-0000109-2015 alleging two additional violations of the same PFA order.

\* \* \*

Following [a May 8, 2015] hearing, the trial court found Appellant guilty of ICC on four counts of the complaint at CP-60-MD-0000340-2014[.] . . . On May 13, 2015, the court sentenced Appellant to an aggregate term of 12 to 48 months' incarceration.

With respect to the complaint at CP-60-MD-0000109-2015, the trial court found Appellant guilty on one count[.] . . . On May 13, 2015, the court sentenced Appellant to a term of 3 to 6 months' incarceration, to be served consecutively with the term imposed at 340-2014.

Appellant timely filed a notice of appeal from each of the court's judgments of sentence. . . .

Meanwhile, during the pendency of Appellant's appeals, on July 7, 2015, the Commonwealth filed another ICC complaint against Appellant at [the instant docket number,] CP-60-MD-0000145-2015 alleging two additional violations of the same PFA order. The trial court held a hearing on the complaint on July 20, 2015. Corrections Officer Pamela Klinger testified that on May 15, 2015, Appellant asked her if she would give Wife a message from him. She reported that she told Appellant, "no, that [she] couldn't, wasn't able to do that." She also testified that since that time he "would ask occasionally in passing if [she] had seen her, heard from her."

Wife also testified at this hearing. She testified that she received a letter from Appellant dated April 22, 2015, in which

Appellant wrote, among other things, that he had seen Corrections Officer Klinger.

Following the hearing, the trial court found Appellant guilty of both counts of ICC. The court sentenced Appellant to two consecutive terms of [three] to [six] months' incarceration, to be served consecutively with the terms imposed at 109-2015 and 340-2014. . . .

(*Commonwealth v. Fetterolf*, Nos. 1016 MDA 2015, 1017 MDA 2015, 1645 MDA 2015, unpublished memorandum at *2-3, *5-6 (Pa. Super. filed May 19, 2016)) (record citations, footnote, and some capitalization omitted). On appeal, this Court concluded that the evidence was insufficient to sustain Appellant's conviction of one of the two counts of ICC at CP-60-MD-0000145-2015. We affirmed the judgment of sentence in part and vacated it in part, and remanded CP-60-MD-0000145-2015 for resentencing. (*See id.* at *2, *11).

On December 5, 2016, the trial court held a resentencing hearing and sentenced Appellant to a term of not less than three nor more than six months' incarceration, to be served consecutive to his other sentences. (*See* N.T. Resentencing, 12/05/16, at 4). Appellant filed a timely motion to modify sentence on December 14, 2016, requesting that the court modify the sentence to run concurrent to his existing sentences. The trial court denied the motion on December 16, 2016. This timely appeal followed.[2]

_____

[2] Appellant filed a concise statement of errors complained of on appeal contemporaneous with his notice of appeal. *See* Pa.R.A.P. 1925(b). The trial court did not file an opinion. *See* Pa.R.A.P. 1925(a).

- 3 -

Appellant raises one issue for our review: "Whether the [trial] [c]ourt abused its discretion and failed in sentencing the Appellant to three to six months consecutive to CP-60-CR-0000045-1999,[3] CP-60-MD-0000340-2014, and CP-60-MD-0000109-2015, instead of granting him a concurrent sentence[?]" (Appellant's Brief, at 7). Appellant argues that the court "did not take into account the fact that a concurrent sentence would serve the requirements of sentencing for deterrents, incapacitation, retribution and rehabilitation." (*Id.* at 12).

Appellant challenges the discretionary aspects of his sentence. "It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Williams***, 151 A.3d 621, 625 (Pa. Super. 2016) (citation omitted). Before this Court may review the merits of such claim,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** (case citations omitted).

---

[3] Information relating to Appellant's conviction at CP-60-CR-0000045-1999 is not apparent from his brief or the record.

Here, Appellant filed a timely appeal, preserved his issue in motion to modify sentence, and included a generic statement pursuant to Pa.R.A.P. 2119(f) in his brief. However, we agree with the position taken by the Commonwealth that Appellant's Rule 2119(f) statement is deficient, and that he failed to raise a substantial question for our review. (**See** Commonwealth's Brief, at 1-4).

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.
>
> * * *
>
> We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why [a defendant] should be afforded a "volume discount" for his crimes by having all sentences run concurrently.
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a

substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132–34 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (case citations, footnote, and most quotation marks omitted).

Here, Appellant's single-paragraph Rule 2119(f) statement consists of boilerplate law setting forth the above-mentioned four part test, and fails to even attempt to "articulate what particular provision of the [sentencing] code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." *Id.* at 132 (citation omitted); (*see also* Appellant's Brief, at 10). Thus, Appellant's Rule 2119(f) statement fails to comply with minimum requirements. *See Zirkle*, *supra* at 132. Furthermore, Appellant's criminal conduct involved his repeated violation of the same PFA order and continued threatening behavior towards the victim, despite the Commonwealth's earlier ICC complaints. (*See* N.T. Sentencing, 7/20/15, at 25). Given the charges and pattern of behavior involved, the sentence was not so manifestly excessive on its face as to raise a substantial question. *See Zirkle*, *supra* at 134. Because Appellant has not raised a substantial question, we do not reach the merits of his appeal.[4]

---

[4] Moreover, we note for the sake of completeness that the court emphasized Appellant's lack of remorse, his threats toward the victim and the court, his display of "out-of-control" rage, and its finding that he posed an obvious threat to society, in directing that the sentence run consecutively. (N.T.
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017

---

*(Footnote Continued)*

Sentencing, 7/20/15, at 28; **see id.** at 23, 25); (N.T. Resentencing, 12/05/16, at 2, 4).  Even if we were to address the merits of Appellant's claim, we would discern no abuse of discretion.  **See Zirkle**, **supra** at 132.