J-S32031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT G. STRATTON | : | |
| | : | |
| Appellant | : | No. 2004 MDA 2017 |

Appeal from the Judgment of Sentence December 1, 2017
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.:  CP-54-SA-0000117-2017

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 11, 2018**

Appellant, Robert G. Stratton, appeals from the judgment of sentence imposed following his conviction for the summary offense of speeding.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 4, 2017, the Pennsylvania State Police issued Appellant a traffic citation for speeding.  A magisterial district court found Appellant guilty on September 20, 2017, and sentenced him to pay $139.00 in fines and costs.

On October 3, 2017, Appellant filed a counseled notice of appeal from the summary conviction in the trial court.  The trial court issued an order on October 19, 2017, scheduling a trial *de novo* for December 1, 2017.  On November 3, 2017, Appellant submitted to the clerk of courts a *pro se* letter

_____

[1] 75 Pa.C.S.A. § 3362(a)(3).

_____

*   Retired Senior Judge assigned to the Superior Court.

requesting a continuance of the December 1, 2017 trial due to his work schedule.[2] The trial court did not rule on the *pro se* request because Appellant was represented by counsel. It issued an order on November 8, 2017 returning Appellant's letter to the clerk of courts. The order identified the attorneys for Appellant and the Commonwealth so that they received notice of the court's action.

On December 1, 2017, neither Appellant nor his counsel appeared for trial. The trial court issued an order dismissing Appellant's summary appeal for his failure to appear, and entered judgment on the judgment entered by the magisterial district court. This timely appeal followed.[3]

Appellant raises one question for our review: "Whether the trial [c]ourt abused [its] discretion by failing to consider and rule on Appellant's request to continue the hearing due to his inability to attend the hearing because the request was . . . filed by Appellant himself and not his attorney?" (Appellant's Brief, at 3). He argues that his *pro se* request for a continuance of the *de novo* trial was filed properly, and that the court should have ruled on it. (**See id.** at 6-8). This issue merits no relief.

_____

[2] Appellant addressed the letter to the clerk of courts and did not copy the Commonwealth. The clerk time stamped it, made a docket entry reflecting the date of receipt, and forwarded it to counsel and the court. (**See** Appellant's Letter to Clerk of Courts, 11/03/17, at 1; Summary Appeal Docket, at 3; Appellant's Brief, at 4, 6; Trial Court Opinion, 2/02/18, at 2).

[3] Appellant filed a timely, court ordered concise statement of errors complained of on appeal on January 22, 2018. The trial court entered an opinion on February 2, 2018. **See** Pa.R.A.P. 1925.

We begin by noting:

. . . The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.] . . .

***Commonwealth v. Antidormi***, 84 A.3d 736, 745 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citations and quotation marks omitted).

With regard to *pro se* documents submitted by represented defendants:

Our cases have consistently stated that no defendant has a constitutional right to hybrid representation, either at trial or on appeal. Pennsylvania Rule of Criminal Procedure 576(A)(4) further states that when a represented defendant "submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file." Pa.R.Crim.P. 576(A)(4). The Rule continues that "[a] copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt." ***Id.***

***Commonwealth v. Staton***, 2018 WL 2372210, at *7 (Pa. filed May 24, 2018) (case citation and some quotation marks omitted).

Accordingly, *pro se* motions submitted while a defendant is represented by counsel have no legal effect and are therefore legal nullities. ***See Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Id.***

Here, the trial court explained:

> . . . As [Appellant] and his counsel had been informed of the hearing date and no continuance request had been properly presented or granted, there was absolutely no reason to believe the *ex parte* letter sent to the Clerk of Courts Office from a person represented by counsel would be acceptable to and acted upon by the court.

(Trial Ct. Op., at 3).

Upon review, we agree. Appellant had no right to hybrid representation, and the *pro se* letter he submitted to the clerk of courts requesting a continuance was a legal nullity. **See Staton**, **supra** at *7; **Williams**, **supra** at 623. Therefore, the court properly declined to rule on the substance of the continuance request. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2018