J-S32018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE WRIGHT | : | |
| | : | |
| Appellant | : | No. 493 MDA 2022 |

Appeal from the PCRA Order Entered March 21, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004113-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: NOVEMBER 17, 2022**

Appellant, Dwayne Wright, appeals from the March 21, 2022 order denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the facts and procedural history of Appellant's case, as follows:

> On June 12, 2018, Officers Jacob Bingham and Timothy Sinnot[] of the Lancaster City Bureau of Police ("LCBP") were on patrol when they stopped a vehicle with an expired registration. The vehicle, a 2001 Ford Focus, was registered to Bruce Dates, who Officer Bigham [*sic*] later learned lived in Alabama. Officer Bingham approached the vehicle and spoke with the driver, [Appellant] Dwayne Wright, who provided Officer Bingham with photo identification. Officer Bingham ran [Appellant's] identification and discovered that [Appellant's] license was suspended. During the vehicle stop, Dispatch also informed Officer Bingham that [Appellant] had an outstanding warrant for a state parole violation. At that point, Officer Bingham and Officer Sinnot removed [Appellant] from his vehicle, placed him under arrest, and searched [Appellant's] person.

After [Appellant] was secured in the police cruiser, Officer Bingham conducted an inventory search of the Ford Focus and located a black jacket on the front passenger's seat. In the pocket of the black jacket, Officer Bingham found a clear plastic corner tie baggie containing cocaine. After finding the cocaine, Officers Bingham and Sinnot decided to obtain a warrant before searching the rest of the vehicle. Officer Bingham drove the vehicle to the police station and the [o]fficers obtained a search warrant for controlled substances.

When Officers Bingham and Sinnot executed the search warrant, they found a bag in the trunk containing powder cocaine, crack cocaine, and a firearm. The [o]fficers then applied for a second search warrant for firearms, weapons, and ammunition. When executing the second search warrant, the officers seized approximately 50 grams of cocaine, marijuana and related paraphernalia, two pistols, ammunition for both pistols, and cash totaling approximately $1,579.

[Appellant] was subsequently charged with two counts of firearms not to be carried without a license, two counts of possession with intent to deliver controlled substances, one count of person not to possess firearms, receiving stolen property, possession of drug paraphernalia, and driving while operating privileges are suspended or revoked.

On September 5, 2018, [Appellant], through his attorney, Edwin Pfursich, Esq., filed a Motion to Suppress the physical evidence seized from the vehicle. In his Motion, [Appellant] argued that Officer Bingham's initial inventory search was conducted in violation of Pennsylvania Constitution Article I, Sections 8 and 9, as well as the United States Constitution Amendments 4, 5, and 6, and that all evidence discovered during that search and the subsequent searches should be suppressed. [The trial court] held a hearing on [Appellant's] Motion on November 15, 2018, during which the facts set forth above were established. Following the hearing, both [Appellant] and the Commonwealth submitted supporting briefs. After considering the factual record established during the hearing and the arguments of counsel, [the court] determined that although Officer Bingham's inventory search was improper under 75 Pa.C.S.[] § 6309.2—which governs the proper procedures for immobilization, towing, storage, and impoundment of vehicles driven without a license or proper registration—the inventory search and all subsequent searches were nonetheless valid pursuant to the inevitable discovery doctrine. Consequently,

on February 27, 2019, [the court] denied [Appellant's] Motion to Suppress.

[Appellant] was thereafter found guilty on all counts at a stipulated bench trial. [The court] ordered a pre-sentence investigation and, after receiving the report, sentenced [Appellant] to seven and a half to twenty years['] imprisonment. [Appellant] subsequently filed a Notice of Appeal challenging, among other things, [the] denial of his Motion to Suppress. On October 26, 2020, the Superior Court affirmed [the trial court's] decision to deny [Appellant's] Motion to Suppress[,] and on May 12, 2021, the Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal. [*See Commonwealth v. Wright*, 241 A.3d 461 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 253 A.3d 222 (Pa. 2021).]

On July 17, 2021, [Appellant] filed the instant[,] *pro se* PCRA Petition. On August 10, 2021, [the court] appointed Christopher P. Lyden, Esq.[,] to represent [Appellant] and granted Attorney Lyden 60 days to file an amended petition. On September 23, 2021, Attorney Lyden filed a Motion to Extend Time to File Amended Petition. On September 27, 2021, [the PCRA court] granted Attorney Lyden 60 additional days to file an amended petition.

On December 7, 2021, [Appellant], through Attorney Lyden, filed the instant[,] Amended PCRA Petition (hereinafter "Amended Petition")[,] in which [Appellant] argued that Attorney Pfursich was ineffective for failing to call a key witness—[Appellant's] mother, Jacklyn Draughn—during the November 15, 2018[] suppression hearing. [Appellant] contended that had Officers Bingham and Sinnot simply immobilized the vehicle without executing an unconstitutional, warrantless search, Ms. Draughn and Mr. Dates—the owner of the Ford Focus—were available to take the steps necessary to take possession of the vehicle before it was towed such that the vehicle would not have needed to be searched, negating the applicability of the inevitable discovery doctrine. In support of his argument, [Appellant] averred that although Ms. Draughn was present at the time of his arrest and approached Officers Bingham and Sinnot, the Officers refused to turn the Ford Focus over to her and instead drove the vehicle from the scene. [Appellant] also asserted that Ms. Draughn later went to the police station and was again denied access to the Ford Focus. Notably, although [Appellant] requested an evidentiary

hearing, he failed to include[,] as part of his Amended Petition[,] the witness certification required by 42 Pa.C.S.[] § 9545(d)(1).

On December 8, 2021, [the court] issued an Order directing the Commonwealth to file a response to the Amended Petition and the Commonwealth filed a response on December 28, 2021. On February 1, 2022, [the court] issued a Notice of Intent to Dismiss the Amended Petition without a hearing, explaining that [Appellant] had failed to comply with 42 Pa.C.S.[] § 9545(d)(1), that [Appellant] had previously litigated the claims set forth in his Amended Petition on direct appeal, that there were no genuine issues concerning any material fact, and that no purpose would be served by further proceedings. [The PCRA court] granted [Appellant] until February 21, 2022, to respond to the Notice.

In [Appellant's] February 9, 2022[] Response, he included a witness certification (hereinafter "Certification") for Ms. Draughn, signed by Attorney Lyden, setting forth Ms. Draughn's personal information and the content of her proposed testimony. According to the Certification, Ms. Draughn would have testified to the following at a PCRA hearing:

> She was present during the arrest of [Appellant] and during the subsequent search of the vehicle. She resided in Lancaster City at the time of this incident. She asked to have the vehicle turned over to her, but the officers refused. She saw an officer drive the vehicle off from the scene of the arrest. She went to the police station and asked to have the vehicle turned over to her, but again was denied. The police delivered the keys of the vehicle to Ms. Draughn's residence the following Sunday. Mr. Bruce Dates, the owner of the vehicle, is her brother. She had the ability to communicate with Mr. Dates and, with his cooperation, do what was necessary to clear the registration and receive possession of the vehicle.

[Appellant's] Response to Pa.R.Crim.P. 907 Notice, Certification, Feb. 9, 2022.

After reviewing [Appellant's] response—including the attached Certification—in light of relevant case and statutory law, [the court] again found that no purpose would be served by holding a hearing and that [Appellant's] claim had been previously litigated.

Consequently, [the PCRA court] issued an Order dismissing [Appellant's] Amended Petition on March 21, 2022. On March 22,

2022, [Appellant] filed a counseled Notice of Appeal to the Superior Court from [the] March 21st Order. [Appellant] filed his [Pa.R.A.P. 1925(b)] Concise Statement of Errors [Complained of on Appeal] on March 29, 2022, to which the Commonwealth responded on April 11, 2022.

PCRA Court Opinion (PCO), 6/21/22, at 1-6 (footnotes and citations to the record omitted). The PCRA court filed its Rule 1925(a) opinion on June 21, 2022.

Herein, Appellant states one issue for our review: "Did the PCRA court err by concluding that Appellant's claim raised in his PCRA petition was meritless and previously litigated?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Initially, it is well-settle that,

[o]n appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Wharton***, 263 A.3d 561, 567 (Pa. 2021) (cleaned up).

In assessing Appellant's issue, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion of the Honorable Jeffery D. Wright of the Court of Common Pleas of Lancaster County. We conclude that Judge Wright's comprehensive opinion accurately disposes of the issue presented by Appellant. ***See*** PCO at 7-13. Accordingly, we adopt Judge Wright's opinion

as our own and affirm the order denying Appellant's PCRA petition for the reasons set forth therein.[1]

_____

[1] On November 2, 2022, Appellant filed a motion to proceed *pro se*, stating that he wishes to raise ineffective assistance of counsel claims against his current attorney, Christopher P. Lyden, Esq., under our Supreme Court's holding in ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel **or acting *pro se***, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal") (emphasis added). We grant Appellant's motion to proceed *pro se* only to the extent that we will consider his *pro se* claims of ineffectiveness of PCRA counsel in accordance with ***Bradley***. In his motion, Appellant first alleges that Attorney Lyden was ineffective for failing "to comply with the requirements set forth in 42 Pa.C.S.[] § 9545(d)(1) by not attaching proper certifications for proposed PCRA hearing witnesses." Motion to Proceed *Pro Se*, 11/2/22, at 2 ¶ i(a) (unnumbered). However, Appellant cannot prove this claim has arguable merit. ***See Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) ("It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.") (citations omitted). While Attorney Lyden did not attach proper certifications to his initial, amended petition filed on Appellant's behalf, he attached a witness certification for Ms. Draughn to his response to the court's Rule 907 notice. The court reviewed and considered that witness certification, but still determined no evidentiary hearing was warranted. ***See*** PCO at 6. Thus, Appellant is incorrect that Attorney Lyden failed to satisfy section 9545(d)(1) and, therefore, his first ineffectiveness claim fails. Likewise, his other two ineffectiveness claims also fail, as they are mere boilerplate assertions that are not specific enough to indicate they have any arguable merit. ***See*** Motion to Proceed *Pro Se* at 2 ¶ i(b), (c) (unnumbered) (alleging PCRA counsel "failed to properly inform Appellant of any and all decisions or circumstances with respect to which the client's informed consent [was required,]" and that "[c]ounsel was ineffective for failing to place the Commonwealth['s] case under the adversarial process as guaranteed by ***Commonwealth v. Crispell***, 193 A.3d 919 (Pa. 2017)"). Finally, we note that Appellant's Motion to Proceed *Pro Se* also raises claims that the PCRA judge should recuse from this case.
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2022

---

However, Appellant cites no legal authority permitting him to raise this claim *pro se* when he is still represented by Attorney Lyden. ***See Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) ("In this Commonwealth, hybrid representation is not permitted. Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel….") (internal citation omitted). Therefore, we deny his Motion to Proceed *Pro Se* regarding this claim.

COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA    :

    :

v.    :    4113–2018

    :

DWAYNE WRIGHT    :

## PA. R.A.P. 1925 OPINION

BY: WRIGHT, J.    June ⟳⟳ , 2022

Dwayne Wright ("Petitioner") has filed an appeal to the Superior Court of Pennsylvania from this Court's Order entered on March 21, 2022, dismissing without a hearing his Amended Petition for Post Conviction Collateral Relief. This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and, for the reasons stated herein, Petitioner's Appeal should be dismissed.

### BACKGROUND[1]

On June 12, 2018, Officers Jacob Bingham and Timothy Sinnott of the Lancaster City Bureau of Police ("LCBP") were on patrol when they stopped a vehicle with an expired registration. (Notes of Testimony, Suppression Hearing, Nov. 15, 2018, at 6 [hereinafter "N.T. at __"]). The vehicle, a 2001 Ford Focus, was registered to Bruce Dates, who Officer Bigham later learned lived in Alabama. (N.T. at 5). Officer Bingham approached the vehicle and spoke with the driver, Petitioner Dwayne Wright, who

---

[1] The factual recitation included below was largely lifted from the Opinion I authored in response to a direct appeal that Petitioner filed with the Superior Court on September 4, 2019. The Superior Court denied said appeal on October 26, 2020.

1

provided Officer Bingham with photo identification. (N.T. at 6). Officer Bingham ran Petitioner's identification and discovered that Petitioner's license was suspended. (N.T. at 6–7). During the vehicle stop, Dispatch also informed Officer Bingham that Petitioner had an outstanding warrant for a state parole violation. (N.T. at 8). At that point, Officer Bingham and Officer Sinnot removed Petitioner from his vehicle, placed him under arrest, and searched Petitioner's person. (N.T. at 8).

After Petitioner was secured in the police cruiser, Officer Bingham conducted an inventory search of the Ford Focus and located a black jacket on the front passenger's seat. (N.T. at 9-10). In the pocket of the black jacket, Officer Bingham found a clear plastic corner tie baggie containing cocaine. (N.T. at 12-13). After finding the cocaine, Officers Bingham and Sinnot decided to obtain a warrant before searching the rest of the vehicle. (N.T. at 13). Officer Bingham drove the vehicle to the police station and the Officers obtained a search warrant for controlled substances. (N.T. at 15).

When Officers Bingham and Sinnot executed the search warrant, they found a bag in the trunk containing powder cocaine, crack cocaine, and a firearm. The Officers then applied for a second search warrant for firearms, weapons, and ammunition. When executing the second search warrant, the officers seized approximately 50 grams of cocaine, marijuana and related paraphernalia, two pistols, ammunition for both pistols, and cash totaling approximately $1,579.

Petitioner was subsequently charged with two counts of firearms not to be carried without a license, two counts of possession with intent to deliver controlled substances,

2

one count of person not to possess firearms, receiving stolen property, possession of drug paraphernalia, and driving while operating privileges are suspended or revoked.[2]

On September 5, 2018, Petitioner, through his attorney, Edwin Pfursich, Esq., filed a Motion to Suppress the physical evidence seized from the vehicle. In his Motion, Petitioner argued that Officer Bingham's initial inventory search was conducted in violation of Pennsylvania Constitution Article I, Sections 8 and 9, as well as the United States Constitution Amendments 4, 5, and 6, and that all evidence discovered during that search and the subsequent searches should be suppressed. I held a hearing on Petitioner's Motion on November 15, 2018, during which the facts set forth above were established. Following the hearing, both Petitioner and the Commonwealth submitted supporting briefs. After considering the factual record established during the hearing and the arguments of counsel, I determined that although Officer Bingham's inventory search was improper under 75 Pa. C.S.A. § 6309.2-which governs the proper procedures for immobilization, towing, storage, and impoundment of vehicles driven without a license or proper registration-the inventory search and all subsequent searches were nonetheless valid pursuant to the inevitable discovery doctrine. Consequently, on February 27, 2019, I denied Petitioner's Motion to Suppress.

Petitioner was thereafter found guilty on all counts at a stipulated bench trial. I ordered a pre-sentence investigation and, after receiving the report, sentenced Petitioner to seven and a half to twenty years imprisonment. Petitioner subsequently filed a Notice of Appeal challenging, among other things, my denial of his Motion to

---

[2] 18 Pa.C.S.A § 6106(a)(1); 18 Pa.C.S.A. § 6105(a)(1); 18 Pa.C.S.A. § 3925(a); 35 P.S § 780-111(a)(30). (32); 75 Pa.C.S.A. § 1543(a).

3

Suppress.3 On October 26, 2020, the Superior Court affirmed my decision to deny Petitioner's Motion to Suppress and on May 12, 2021, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal.

On July 17, 2021, Petitioner filed the instant *prose* PCRA Petition. On August 10, 2021, I appointed Christopher P. Lyden, Esq. to represent Petitioner and granted Attorney Lyden 60 days to file an amended petition. On September 23, 2021, Attorney

---

[3] The complex procedural history preceding Petitioner's direct appeal of my ruling on his Motion to Suppress, aptly summarized by the Superior Court, is as follows:

[Petitioner] filed a Notice of Appeal on July 11, 2019, and the trial court directed [Petitioner] to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On July 22, 2019, [Petitioner] filed a counseled Post-Sentence Motion, indicating his intention to discontinue the appeal, and challenging the legality of the sentences imposed for his firearms not to be carried without a license convictions. Specifically, [Petitioner] argued that the firearms not to be carried without a license offenses, which were graded as felonies of the third degree, cany a statutory maximum sentence of 7 years; however, the trial court imposed concurrent terms of 5 to 10years in prison. [Petitioner] also acknowledged that modification of these individual sentences would not alter the aggregate sentence, as they were ordered to run concurrently with all other sentences. Only July 29, 2019, the trial court entered an Order modifying the sentences for firearms not to be carried without a license to concurrent terms of 3½ to 7 years in prison.

On September 3, 2019, [Petitioner], through new counsel, filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA") . . . . Therein, [Petitioner] alleged that because trial counsel did not withdraw the July 11, 2019, Notice of Appeal, the Post-Sentence Motion, filed while the appeal was still pending, was a legal nullity. [Petitioner] therefore averred that he was denied effective assistance of counsel, and sought reinstatement of his direct appeal rights, *nunc pro tune.* On the same date, the PCRA court granted [Petitioner's] PCRA Petition, restored his direct appeal rights, and directed him to file a notice of appeal within 30 days.

Commonwealth V. Wright, 1468 MDA 2019, 2020 WL 6268281, at 2 (Pa. Super., Oct. 26, 2020) (nonprecedentIal).

4

Lyden filed a Motion to Extend Time to File Amended Petition. On September 27, 2021, I granted Attorney Lyden 60 additional days to file an amended petition.

On December 7, 2021, Petitioner, through Attorney Lyden, filed the instant Amended PCRA Petition {hereinafter "Amended Petition") in which Petitioner argued that Attorney Pfursich was ineffective for failing to call a key witness-Petitioner's mother, Jacklyn Draughn-during the November 15, 2018, suppression hearing. Petitioner contended that had Officers Bingham and Sinnot simply immobilized the vehicle without executing an unconstitutional, warrantless search, Ms. Draughn and Mr. Dates-the owner of the Ford Focus-were available to take the steps necessary to take possession of the vehicle before ii was towed such that the vehicle would not have needed to be searched, negating the applicability of the inevitable discovery doctrine. h support of his argument, Petitioner averred that although Ms. Draughn was present at the time of his arrest and approached Officers Bignham and Sinnot, the Officers refused to turn the Ford Focus over to her and instead drove the vehicle from the scene. Petitioner also asserted that Ms. Draughn later went to the police station and was again denied access to the Ford Focus. Notably, although Petitioner requested an evidentiary hearing, he failed to include as part of his Amended Petition the witness certification required by 42 Pa. C.S.A. § 9545(d)(1).

On December 8, 2021, I issued an Order directing the Commonwealth to file a response to the Amended Petition and the Commonwealth filed a response on December 28, 2021. On February 1, 2022, I issued a Notice of Intent to Dismiss the Amended Petition without a hearing, explaining that Petitioner had failed to comply with 42 Pa. C.S.A. § 9545(d)(1), that Petitioner had previously litigated the claims set forth in

5

his Amended Petition on direct appeal, that there were no genuine issues concerning any material fact, and that no purpose would be served by further proceedings. I granted Petitioner until February 21, 2022, to respond to the Notice.

In Petitioner's February 9, 2022, Response, he included a witness certification (hereinafter "Certification") for Ms. Draughn, signed by Attorney Lyden, setting forth Ms. Oraughn's personal information and the content of her proposed testimony. According to the Certification, Ms. Draughn would have testified to the following at a PCRA hearing:

> She was present during the arrest of [Petitioner] and during the subsequent search of the vehicle. She resided in Lancaster City at the time of this incident. She asked to have the vehicle turned over to her, but the officers refused. She saw an officer drive the vehicle off from the scene of the arrest. She went to the police station and asked to have the vehicle turned over to her, but again was denied. The police delivered the keys of the vehicle to Ms. Draughn's residence the following Sunday. Mr. Bruce Dates, the owner of the vehicle, is her brother. She had the ability to communicate with Mr. Oates and, with his cooperation, do what was necessary to clear the registration and receive possession of the vehicle.

Petitioner's Response to Pa.R.Crim.P. 907 Notice, Certification, Feb. 9, 2022.

After reviewing Petitioner's response-including the attached Certificat1on-;c light of relevant case and statutory law, I again found that no purpose would be served by holding a hearing and that Petitioner's claim had been previously litigated. Consequently, I issued an Order d1sm1ssing Petitioner's Amended Petition on March 21, 2022.

On March 22, 2022, Petitioner filed a counseled Notice of Appeal to the Superior Court from my March 21st Order. Petitioner filed his Concise Statement of Errors on March 29, 2022, to which the Commonwealth responded on April 11, 2022.

## DISCUSSION

In his Statement of Errors, Petitioner argues that I erred in denying his Amended Petition on the ground that his claim had been previously litigated. According to Petitioner, Ms. Draughn's testimony was necessary to prove that the contraband found in the Ford Focus would not have been inevitably discovered. Consequently, Petitioner claims that Attorney Pfursich was ineffective for failing to introduce her testimony at the suppression hearing and seeks to distinguish his allegation of ineffective representation from the claim he already litigated on direct appeal.* After reviewing the basic statutory requirements for post conviction relief, I will address Petitioner's argument that his claim has not been previously litigated while also outlining why, even if it had not been previously litigated, Petitioner's claim is merilless.

The Post Conviction Relief Act provides for an action by which an individual convicted of a crime they did not commit or serving an illegal sentence may obtain collateral relief. 42 Pa. C.S.A. § 9542. Ordinarily, a PCRA Petition must be filed within one year of the date that the judgment becomes final. Id § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court

---

* Petitioner also claims that I erred by denying his Amended Petition for failing to comply with the certification requirements of 42 Pa. C.S.A § 9545. However, my final Order dismissing the instant Petition was not based on Petitioner's failure to submit the witness certification required by Section 9545. In fact, Petitioner did submit a witness certification in his response to my 907 Notice of Intent to Dismiss, which I considered when determining the ultimate viability of Petitioner's Amended Petition.

7

of Pennsylvania, or at the expiration of time for seeking the review." kl at § 9545(b)(3). The instant Petition was timely filed.[5]

To be eligible for relief under the PCRA. Petitioner must also plead and prove all of the elements of the statute by a preponderance of the evidence. kl§ 9543(a). First. Petitioner must have "been convicted of a crime under the laws of this Commonweatth," and must be imprisoned, on probation, or on parole at the time that relief is requested. kl§ 9543(a)(1 )(i-iii). Petitioner was sentenced on July 10, 2019, and is still serving his sentence. Accordingly, this element is established. Second, Petitioner must prove that his sentence or conviction was the result of one or more errors enumerated in the statute. kl§ 9543(a)(2). A Petitioner may bring a PCRA claim alleging, among other violations, "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." kl.§ 9543{a)(3)(1i). Here, Petitioner claims that Attorney Pfursich was ineffective for failing to call Ms. Draughn during the November 15, 2018, suppression hearing.

Third, Petitioner must show that the issue has not been previously litigated or waived. .kl§ 9543(a}. {b). Case law makes it clear that "[a] petitioner cannot obtain PCRA relief by advancing variations of claims previously litigated and then alleging ineffective assistance of prior counsel for not presenting these theories." Commonwealth v. Carpenter, 725 A.2d 154, 162 (Pa. 1999). In his direct appeal to the Superior Court, Petitioner argued that I erred "Indenying his Motion to Suppress on the

[5] Petitioner's judgment of sentence became final on June 4, 2021, when the Supreme Court denied his Petition for Allowance of Review. He filed his original *prose* PCRA Petition on July 14, 2021.

8

basis of the doctrine of inevitable discovery. At issue in Petitioner's Motion to Suppress, and on appeal to the Superior Court, were the requirements set forth in 75 Pa. C.S.A. § 6309.2, which governs the proper procedures for immobilization, towing, storage, and 'Impoundment of vehicles driven without a license or proper registration.

Section 6309.2(a)(2) provides:

> If a motor vehicle ___ for which there is no valid registration or for which the registration is suspended, as verified by an appropriate law enforcement officer, is operated on a highway or trafficway of this Commonwealth, the law enforcement officer shall **immobilize** the motor vehicle ___ or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storying agent _. _and the appropriate judicial authority shall be so notffied.

75 Pa. C.S.A.§ 6309.2(a)(2). In ruling on Petitioner's Motion to Suppress, I held that Officers Bingham and Slnnot had grounds only to immobilize the Ford Focus-not to tow and impound the vehicle-because the vehicle posed no risk to public safety. Consequently, as established by Pennsylvania precedent, the inventory search performed on the Ford Focus was improper. See Commonwealth v. Lagenella, 83 A.3d 94 (Pa. 2013).

I ultimately determined, however, that none of the physical evidence seized during any of the searches needed to be suppressed because the evidence was admissible under the doctrine of inevitable discovery. The Superior Court came to the same conclusion, as set forth below:

> Next, we turn to the legality of the inventory search performed by Officer Bingham while [Petitioner] was detained in the police cruiser and the vehicle was at the scene. We first note that [Petitioner] does not contest the validity of the initial traffic stop. Rather, [Petitioner] challenges the search of the vehicle after it was immobilized.

• • •

. . . [T]he suppression court concluded that the evidence seized from the vehicle was admissible under the doctrine of inevitable discovery. The doctrine of inevitable discovery

> provides that evidence which would have been discovered was sufficiently purged of the original illegality to allow admission of the evidence. Implicit in this doctrine is the fact that the evidence would have been discovered despite the initial illegality.

> If the prosecution can establish by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, then the evidence is admissible. The purpose of the inevitable discovery rule is to block setting aside convict1ons that would have been obtained without the police misconduct. Thus, evidence that ultimately or inevitably would have been recovered by lawful means should not be suppressed despite the fact that its actual recovery was accomplished through illegal actions.

Commonwealth v. Gonzalez, 979 A.2d 879, 890 (Pa. Super. 2009) (citations, quotation marks, and brackets omitted).

Recovery of a vehicle, whether 't is immobilized or impounded, requires the owner to produce a valid proof of registration. See id. § 6309.2(b)(1){i}, {d}{1)(i).

• • •

Here, the record reflects that [Mr.] Dates did not appear before an appropriate judicial authority with the necessary paperwork within 24 hours of the vehicle's immobilization, al which time the police could tow the vehicle, and conduct an inventory search. See Langella, 83 A.3d at 105 (Pa. 2013) (stating that "only upon the vehicle operator's failure to obtain a certificate of release within 24 hours will the judicial authority notify law enforcement, who, at that time, shall arrange for the towing and storage of the vehicle), 106 (stating that "a warrantless inventory search of a vehicle is permissible only when the police have lawfully owed and stored, or impounded the vehicle.") Accordingly, we affirm the suppression court's denial of Wright's Motion to Suppress, based on the doctrine of inevitable discovery.

10

<u>Wright,</u> 2020 WL 6268281, at 7

As stated by the Superior Court, Pennsylvania law provides that to prevent towing, storage, and the eventual inventory search of a vehicle immobilized for lack of a valid registration, the **owner** of the vehicle must appear before the appropriate judicial authority within 24 hours and must furnish the necessary papeiwork. 75 Pa. C.S.A. § 6309.2(b)(2) (emphasis supplied). The Superior Court conclusively determined that because Mr. Dates did not in fact appear before the appropriate judicial authority within 24 hours, the inevitable discovery doctrine applied and cured any issue of admissibility of the evidence uncovered during the various searches of the Ford Focus. Thus, any argument that the doctrine of inevitable discovery is somehow inapplicable to Petitioner's underlying case-even an argument that is cloaked in a claim of ineffective assistance of counsel-has been previously litigated.

Even assuming, *arguendo,* that Petitioner had not previously litigated his claim, his argument that Attorney Pfursich was ineffective in failing to call Ms. Draughn during the suppression hearing is baseless. To prevail on a claim of ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that "(1) the underlying claim 'isof arguable merit; (2) the particular course of conduct pursued by counsel had no reasonable basis designed to effectuate [the petitioner's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." <u>Commonwealth v. Lambert,</u> 797 A.2d 232, 243 (Pa. 2001); <u>Commonwealth v. Chmiel,</u> 30 A.3d 111, 1127 (Pa. 2011); <u>see Commonwealth v. Pierce,</u> 527 A.2d 973 (Pà. 1987); <u>see also Strickland v. Washington,</u> 466 U.S. 668 (1984). A petitioner must satisfy all three elements of the test; failure to meet any single prong of the

11

test is fatal to the ineffectiveness claim. Commonwealth v. Walker, 36 A.3d 1, 7 (Pa. 2011) (citing Commonwealth v. Basemore, 744 A.2d 717, 738 n.23 (Pa. 2000)). Further, a court is not required to analyze the elements of an ineffectiveness claim in any particular order, but, if a claim fails to meet an element of the test, the court may proceed to analyze that element first. Commonwealth v. Hannibal, 156 A.3d 197,207 {Pa. 2016).

Petitioner's claim of ineffective assistance fails on the first prong. Arguable merit is present "when the factual statements are accurate and 'could establish cause for relief.'" Commonwealth v. Barnett, 121 A.3d 534,540 (Pa. Super. 2015) (quoting Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa. Super. 2013). In the Certification attached to Petitioner's Response to my 907 Notice, Petitioner provides that, "Ifcalled, Ms. Draughn would have testified to the following facts: she was present during Petitioner's arrest and the search of the Ford Focus; she asked to have the vehicle turned over to her but the Officers refused; she went to the police station and again, to no avail, asked for the vehicle to be turned over to her; Mr. Dates, the owner of the vehicle, "Isher brother; and she had the ability to communicate with Mr. Dates, and with his cooperation, to do what was necessary to clear the registration and receive possession of the vehicle. Ms. Draughn's testimony that she was able to "do what was necessary to clear the registration and receive possession of the vehicle" simply misses the statutory mark of what was required to avoid an inventory search of the vehicle. Mr. Dates himself-not Ms. Draughn with Mr. Dates' cooperation-would have had to appear before the appropriate judicial authority with the proper documentation within 24 hours of Petitioner's arrest to recover the vehicle and to prevent an inventory search. Nothing set forth in Ms. Draugh's proposed testimony in any way changes the analysis of the applicability of the inevitable discovery doctrine. This simple fact stands: Mr. Dates did not appear to do what was necessary to recover the vehicle and Ms.

12

Draughn's testimony in no way suggests that he had the ability or intention to do so. Thus, Attorney Pfursich cannot be found ineffective for failing to call Ms. Draughn as a suppression hearing witness.

## CONCLUSION

For these reasons, Petitioner's claim was previously litigated before the Superior Court and is also meritless. Petitioner is not entitled to post conviction relief and his appeal should be dismissed. Accordingly, I enter the following:

## COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :
    :
    :
v.     :     4113-2018
    :
    :
DWAYNE WRIGHT     :

### ORDER

AND NOW. this ___L\ᵃ"___ day of June, 2022, the Court hereby submits this

Opinion pursuant lo Rule 1025(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

JEFFERY D. WRIGHT
JUDGE

Copies to:     Andrew J. Gonzalez, Esq., ADA
               Christopher Lyden, Esq.