**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED WOODS | : | |
| | : | |
| Appellant | : | No. 2317 EDA 2022 |

Appeal from the PCRA Order Entered August 11, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006139-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 21, 2023**

Rasheed Woods appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> [Woods] was arrested and charged with [possession with intent to deliver (PWID) and related offenses] after undercover officers observed him and his co-defendant, Kaleke Burrell, engage in a sale of narcotics to an unidentified[] white male on July 21, 2016. [Woods] and Burrell were arrested shortly after the sale[] and found to be in possession of large quantities of crack cocaine and U.S. currency.
>
> Prior to trial, both [Woods] and Burrell filed motions to suppress the evidence recovered following their warrantless arrests, arguing that police lacked probable cause. A suppression hearing was conducted on April 20, 2017. There, Officer Anthony

Salvatore of the Darby Borough Police Department testified. Officer Salvatore explained that in February of 2016, he received information from Andrew Heffer, a then-confidential informant [(CI)], that [Woods] was the leader of a drug trafficking organization selling heroin and crack through southwest Philadelphia and Delaware County. [Officer Salvatore] investigated Heffer's claims by checking police reports and speaking with Sergeant Mike Davis of the 12th District in Philadelphia. The investigations showed that [Woods] had been arrested numerous times for drug trafficking [and] firearm violations. Officer Salvatore deemed Heffer's tip about [Woods] reliable[] and set up a controlled purchase of drugs between Heffer and [Woods]. During the controlled buy, [Woods] sold Heffer cocaine. Over the ensuing months, Officer Salvatore and other officers kept continuous[,] non-routine surveillance on [Woods].

In March of 2016, an individual named Brian Burnett-McCullough contacted Officer Salvatore, claiming that [Woods] was the leader of a drug trafficking organization that controlled the area of 72nd and 73rd Streets in Southwest Philadelphia. Officer Salvatore again spoke to Sergeant Davis, who confirmed that he had received the same information from other sources. Officer Salvatore also discovered that [Woods] had been arrested by Cherry Hill Police in New Jersey after a search of an apartment, in which [Woods] was present and mail addressed to him was found, had uncovered [cocaine].

On July 21, 2016, Officer Salvatore received information that [Woods] was going to be making a narcotics transaction in the area of Andrews Avenue and Blunston Avenue in Collingdale, Pennsylvania. Officer Salvatore set up surveillance at that location[] and observed [Woods] arrive in the area around 2:00 p.m., driving a silver Toyota Scion with non-tinted windows. Using binoculars, Officer Salvatore could see that another man, later identified as [] Burrell, was a passenger in the car. The vehicle turned into a driveway and a female came out of the house, walked over to the driver side of the [] Scion, leaned into the driver side window, was there for approximately 30 seconds, and then walked right back into the house.

[Woods] then drove the vehicle out of the driveway and proceeded to Andrews Avenue and Blunston Avenue, where the car pulled over again and met with a white male. The man handed U.S.

currency into the passenger window. The [] ma[n] then received [a small, clear, Ziploc bag that contained a white substance] in return and put it in his pocket, turned around and walked right back across the street and into a house.

\* \* \*

After the man went back into the house, the vehicle driven by [Woods] . . . was stopped shortly thereafter by Lieutenant Richard Gibney. . . . Lieutenant Gibney[, accompanied by other officers,] blocked [Woods' vehicle and ordered him and Burrell out of the vehicle.] . . . [Woods] and Burrell were [making furtive movements,] reaching into their waistbands [and] all over the car. Ultimately, [police] removed [the men] from the vehicle and detained [them], after which they were transported to the police station. During a subsequent search, officers recovered 13 knotted sandwich bags containing [] a hard[,] white[,] chunky substance[, later determined to be crack cocaine.] Additionally, in Woods' possession, officers found $2,110 [] as well as a large bag holding 37 small[er] clear plastic bags containing a hard, white, and chunky substance[, later determined to be crack cocaine.]

Based on this evidence, the [trial] court denied [the suppression motions].

**Commonwealth v. Woods**, 221 A.3d 329 (Pa. Super. 2019) (Table) (footnotes, quotations, and citations omitted).

Following a jury trial, on January 7, 2018, Woods was convicted of PWID and related offenses. On March 27, 2018, the trial court sentenced Woods to an aggregate period of four to eight years in prison, followed by five years of probation. Woods filed a timely notice of appeal to this Court, and we affirmed his judgment of sentence on August 30, 2019. **See id.** On September 27, 2019, Woods filed a petition for allowance of appeal in our Supreme Court, which was denied on March 10, 2020. **See id.**, 226 A.3d 968 (Pa. 2020) (Table).

- 3 -

On May 28, 2020, Woods filed the instant *pro se* PCRA petition. The PCRA court appointed counsel. However, on January 1, 2021, Woods filed a *pro se* motion, requesting that the PCRA court formally remove appointed counsel because Woods had fired him and Woods' family had retained Jason Kadish, Esquire, to represent Woods.[1]

On April 24, 2021, Attorney Kadish filed an amended PCRA petition. On February 15, 2022, the Commonwealth filed a response. On July 15, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Woods' PCRA petition. On August 10, 2022, the PCRA court dismissed Wood's PCRA petition.[2]

---

[1] No formal order disposing of the January 1, 2021, motion appears in the record before this Court. However, we note that the PCRA court began accepting filings from Attorney Kadish.

[2] On August 17, 2022, while still represented by Attorney Kadish, Woods filed a *pro se* response to the PCRA court's Rule 907 notice. We note that hybrid representation is forbidden in this Commonwealth, and, therefore, the PCRA court was under no requirement to address this untimely filing. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011).

Woods filed a timely, *pro se*, notice of appeal[3] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4] Woods now raises the following claims for our review:

> 1. Was [Woods] denied effective assistance of [t]rial [c]ounsel when [counsel] failed to:
>
> a) Challenge the false [a]ffidavit of [p]robable [c]ause which[,] was the result of an unlawful search and seizure in violation of [Woods'] [c]onstitutional rights under the Fourth Amendment and also failing to request a [***Franks***[5]]

---

[3] In the context of a *pro se* notice of appeal, "this Court is required to docket a *pro se* [n]otice of appeal despite [a]ppellant being represented by counsel[.]" ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016).

[4] Prior to the filing of briefs, Attorney Kadish filed, in this Court, a motion to withdraw from representation. ***See*** Motion to Withdraw, 10/3/22, at 1-2 (unnumbered); ***see also id.*** at Exhibit A (handwritten letter, signed by Woods, requesting PCRA counsel not to file "anything on [his] behalf"). On October 24, 2022, this Court denied Attorney Kadish's motion without prejudice. ***See*** Order, 10/24/22, at 1.

Subsequently, Woods, acting *pro se*, filed, in this Court, an application to stay his appeal. ***See*** Application to Stay, 11/16/22, at 1-3. In this application, Woods asserted that he had fired Attorney Kadish on August 17, 2022, and had been acting in a *pro se* capacity since that date. ***Id.*** at 1-2 (detailing *pro se* filings of notice of appeal and Rule 1925(b) concise statement, as well as Attorney Kadish's motion to withdraw). On December 28, 2022, this Court, citing ***Jette***, directed that Woods' application be forwarded to Attorney Kadish. ***See*** Order, 12/28/22. Additionally, this Court directed the PCRA court to determine whether Woods had waived his right to counsel. ***See id.***

The PCRA Court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 1 (Pa. 1998), and determined that Woods had not waived his rights to counsel. ***See*** PCRA Court Order, 1/6/23. Accordingly, the PCRA court appointed Scott D. Galloway, Esquire, to represent Woods on appeal. Attorney Galloway has filed an appellate brief in this Court.

[5] ***Franks v. Delaware***, 438 U.S. 154 (1978).

[h]earing to challenge the fraudulent [a]ffidavit of [p]robable [c]ause[?]

b) Request and provide [Woods] with any and all pre-trial discovery which [Woods] has not yet received in violation of the [**Brady**[6]] rule?

c) To investigate and/or interview all law enforcement officers involved in the alleged investigation of [Woods]?

d) Request the testimony of the two alleged [CIs] thereby denying [Woods] the ability to test the Commonwealth's *prima facie* case, no witnesses to cross examine, no testimony to preserve, counsel could have had the opportunity to identify weaknesses in the Commonwealth's case or identify possible defenses?

e) [D]evelop through pre-trial, trial[,] and direct appeal states of proceedings, the specific issue decided in **Alexander**,[7] that the warrantless each violated [Woods'] rights as enumerated at Article 1, Section 8 of the Pennsylvania Constitution[?]

2. Was [Woods] denied the effective assistance of PCRA counsel when he . . . [f]ailed to properly argue exigent circumstances and the constitutionality of **Commonwealth v. Gary**, [] 91 A.3d 102 (Pa[.] 2014) and failed to raise other meritorious issues[?]

3. Was [Woods] denied a fair trial under the [Fourteenth] Amendment of the United States Constitution when the prosecution obtained through [*sic*] the knowing use of . . . [p]erjured testimony in clear violation of established law[?]

4. Did the PCRA [c]ourt abuse its discretion and violate [Woods'] constitutional rights under the due process and equal protection of the law [clauses] when it . . . [d]ismissed [Woods'] PCRA petition without a hearing, and alleging facts not supported by the record[?]

_____

[6] **Brady v. Maryland**, 373 U.S. 82 (1963).

[7] **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020).

Brief for Appellant, at 5-6 (reorganized for clarity).

> When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general[,] we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

For ease of disposition, we address Woods' ineffectiveness claims first. Woods raises five sub-issues challenging his trial counsel's purported ineffectiveness. Generally, counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[:] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

Instantly, many of Woods' ineffectiveness challenges are waived, and we dispose of those claims first. Woods' argument section fails to mention his *Brady* claim, counsel's alleged failure to investigate the investigating officers,

or his claim that counsel was ineffective for failing to cross examine the Commonwealth's CIs. *See* Brief for Appellant, at 14-23. Rather, Woods focuses exclusively on trial counsel's failure to challenge exigency and his failure to file a *Franks* motion. *See id.* Thus, these three sub-issues are waived for failure to include any argument, and for failure to address the three prongs of ineffectiveness. *See* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him.").

Next, we conclude that Woods' fourth sub-issue his challenge that trial counsel rendered ineffective assistance for failing to file a *Franks* motion is also waived. *See* Brief for Appellant, at 14-20. This claim does not appear in Wood's PCRA petition or his amended PCRA petition. *See* Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Accordingly, this claim is waived as well.

In his fifth sub-issue, Woods' contends that trial counsel erred by failing to challenge exigent circumstances in the suppression motion. *See* Brief for Appellant, at 11-14, 21-23. Woods acknowledges that *Alexander* was not the law of this Commonwealth at the time, but nevertheless contends that trial counsel should have still challenged exigency. *Id.*

This claim is meritless. As acknowledged by Woods, the Commonwealth, and the PCRA court, **Commonwealth v. Gary**, 91 A.3d 102, (Pa. 2014), was the controlling law of our Commonwealth at all times throughout the pendency of Woods' case, including the filing of his suppression motion, suppression hearing, jury trial, and sentencing. **See** PCRA Court Opinion, 11/3/22, at 4-8. Indeed, our Supreme Court did not decide **Alexander** until two years after Woods' judgment of sentence. **See Alexander**, **supra**. Therefore, Woods' trial counsel had a reasonable basis to not challenge the exigent circumstances, because he was acting in accordance with the law of our Commonwealth at the time. Similarly, Woods is unable to demonstrate that his claim had arguable merit, because, at the time trial counsel could have challenged exigency, the law of this Commonwealth did not require police to show exigent circumstances. **See Gary**, **supra**; **Alexander**, **supra**. Accordingly, Woods is not entitled to relief on this claim. **See Holt**, **supra**.

In his second issue, Woods argues that his PCRA counsel rendered ineffective assistance by failing to "properly argue exigent circumstances" when raising his **Alexander** claim. Brief for Appellant, at 20.

Preliminarily, Woods' argument on this claim fails to address any of the three ineffectiveness prongs and, therefore, it fails. Moreover, as we noted above, PCRA counsel could not have been ineffective for failing to raise trial counsel's ineffectiveness, because trial counsel was not ineffective on this

basis. *See Holt*, *supra*. Accordingly, Woods' is not entitled to relief on this claim.

In his third issue, Woods argues that at trial, the Commonwealth knowingly presented "perjured testimony" from Officer Salvatore. *See* Brief for Appellant, at 24.

Preliminarily, we find that Woods has waived this claim for failure to preserve it before the PCRA court. *See* Pa.R.A.P. 302(a). Indeed, our review of the record reveals that the first time this claim was raised was in Woods' appellate brief. Moreover, Woods does not direct us to anywhere in the record where this claim was presented to the PCRA court, and the PCRA court does not address it in its Rule 1925(a) opinion. Accordingly, this claim is waived.[8]

In his fourth issue, Woods argues that the PCRA court erred in dismissing his petition without first conducting an evidentiary hearing. *See* Brief for Appellant, at 11-12. We disagree. *See* Pa.R.Crim.P. 907(2) (PCRA petition may be dismissed without hearing when no genuine issue concerning any material fact and petitioner not entitled to relief as matter of law). A PCRA court's decision to deny a request for an evidentiary hearing is within the

---

[8] We note that in his brief, Woods refers to this claim a single time, as a challenge to the ineffectiveness of his trial counsel. Nevertheless, he does not address any of the three ineffectiveness prongs regarding this claim. *See Holt*, *supra*. Additionally, he routinely refers to this claim in the context of prosecutorial misconduct. *See* Brief for Appellant, at 23-26 (Woods titling argument section "Prosecutorial Misconduct," and addressing prosecutorial misconduct caselaw and standard of review). Accordingly, Woods' single reference to this claim as an ineffectiveness of counsel claim does not revive this claim for our review.

sound discretion of the PCRA court and will not be overturned absent an abuse of discretion. **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Instantly, most of Woods' challenges were waived either for failure to present them to the PCRA court or for failing to properly brief his arguments before this Court. Therefore, those claims cannot support his argument that the PCRA court erred in failing to grant an evidentiary hearing. Moreover, as discussed **supra**, Woods' claims presented to the PCRA court lack merit and do not satisfy the ineffectiveness prongs. Consequently, the PCRA court did not abuse its discretion in denying an evidentiary hearing. **See Mason**, **supra**. Accordingly, Woods is not entitled to relief.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _9/21/2023_

- 11 -