J-S15001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
             :           PENNSYLVANIA
             :
       v.              :
             :
             :
ISSAC FLOYD             :
             :
       Appellant     :   No. 2384 EDA 2023

Appeal from the PCRA Order Entered August 18, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0907931-1999

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED JUNE 18, 2024**

Appellant, Issac Floyd, appeals from the August 18, 2023 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

A previous panel of this Court summarized the relevant factual and procedural history of this case as follows.

> At 3:30 [p.m.] on August 3, 1999, approximately [15] people were playing a game of craps on the corner of Heiskel and Baynton Streets in Philadelphia[, Pennsylvania].  Torrey Thompson, one of the players, saw a vehicle pull up close to the game.  He saw two men get out and approach the group.  One of those men was Appellant who then aimed a handgun at one of the players and ordered everyone to stay put.  Appellant then shot Ali Shabazz, making him fall to the ground.  Then he stepped over top of him, aimed at his groin and shot him three or four times.  Appellant then turned to another player, [Anthony] Purnell, and shot him once.  Appellant then turned to Mr. Thompson who was sitting in a chair next to Mr. Purnell,

---

[*] Retired Senior Judge assigned to the Superior Court.

aimed at his face and shot, then, aiming at his groin, shot him another three times, hitting a testicle, his penis, and his upper thigh. Mr. Thompson tried to get up to run and was shot again in the buttocks. All three victims sustained serious injuries. Mr. Purnell recognized Appellant as "Ike" at the shooting and told the police at the hospital his name and in what section of Germantown he lived.

Appellant was convicted by a jury of three counts each of attempted murder, aggravated assault, robbery, and one count of possessing an instrument of [a] crime ("PIC"). He was sentenced on June 14, 2000, to three consecutive life sentences on the attempted murder counts, three [25] to [50]-year consecutive sentences for robbery, and a concurrent two and one-half to five years of imprisonment for PIC. [Appellant's j]udgment of sentence was affirmed by this Court on direct appeal. **Commonwealth v. Floyd**, No. 2034 EDA 2000 (Pa. Super. 2001) ([non-precedential decision]). Appellant did not seek allowance of appeal.

On January 13, 2003, Appellant filed his first PCRA petition and counsel was appointed. Counsel filed an amended petition, which was dismissed without an evidentiary hearing. This Court affirmed on appeal, and allowance of appeal was denied. **Commonwealth v. Floyd**, 894 A.2d 816 (Pa. Super. 2005) ([non-precedential decision]), *appeal denied*, 899 A.2d 1121 (Pa. 2006). Appellant filed a second PCRA petition on May 8, 2008, which was dismissed without a hearing. A third PCRA petition was dismissed as untimely. After Appellant succeeded in obtaining *nunc pro tunc* reinstatement of his appellate rights from the dismissed third petition, this Court affirmed. **Commonwealth v. Floyd**, 97 A.3d 798 (Pa. Super. 2014) ([non-precedential decision]).

[Appellant filed another] petition, [his] fourth, . . . on October 15, 2014, and amended [it] several times. The PCRA court [later] issued notice pursuant to Pa.R.Crim.P. 907(a) of its intent to dismiss the petition as untimely. Appellant filed objections to the dismissal, followed by two additional amended petitions. On November 3, 2017, the PCRA court dismissed the petition, and Appellant timely appealed. [This Court affirmed the PCRA court's dismissal on January 8, 2019].

*Commonwealth v. Floyd*, 2019 WL 125389, at *1 (Pa. Super. Jan. 8, 2019)

(non-precedential decision) (internal and parallel citations omitted).

On February 1, 2022, Appellant filed the instant PCRA petition, his fifth.

In his petition, Appellant alleged that he recently discovered

> that the prosecutor in [his] case, Assistant District Attorney (ADA) Thomas Malone, failed "to disclose prior statements of witnesses . . . that were favorable to [Appellant]" in violation of *Brady* [*v. Maryland*, 83 S. Ct. 1194 (1963)]. Specifically, [Appellant] allege[d] that [Mr.] Thompson [made a previous statement] wherein he indicated someone other than [Appellant] was responsible for the shooting. [Appellant] claim[ed] to have discovered this alleged fact when he read the Commonwealth's response brief in *Commonwealth v. Lavar Brown*, CP-51-CR-0407441-2004, wherein the Commonwealth asserted that, during the prosecution of Lavar Brown, ADA Malone [] "failed to memorialize and disclose to the defense prior statements made by a witness."

PCRA Court Opinion, 8/18/23, at *1-*2 (unpaginated) (internal quotations and footnotes omitted). On June 23, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, citing the untimeliness of Appellant's petition. Thereafter, Appellant retained private counsel who entered his appearance on July 6, 2023. That day, Appellant's newly retained counsel contacted the court *via* e-mail and requested it refrain from dismissing Appellant's PCRA petition to allow him to "review that matter." Appellant's Brief at App. A. Ultimately,

however, the PCRA court dismissed Appellant's PCRA petition on August 18, 2023. This timely appeal followed.[1]

Appellant raises the following issue on appeal:

> Whether the [PCRA] court erred in dismissing [Appellant's] PCRA petition as untimely after undersigned counsel entered his appearance and requested time to investigate as well as for the court to schedule a status hearing?

Appellant's Brief at 6.

Our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

---

[1] Appellant's timely notice of appeal, filed *pro se* despite being represented by counsel, was properly accepted by the trial court, forwarded to this Court, and docketed by this Court in accordance with this Court's Operating Procedure 65.24, and does not offend the considerations of hybrid representation. **See** 210 Pa.Code § 65.24 (stating that, "[a] *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* [party] was represented by counsel in the trial court" without offending the prohibition against hybrid representation); **see also Commonwealth v. Williams**, 151 A.3d 621, 623-624 (Pa. Super. 2016) (holding that, a *pro se* notice of appeal may be accepted by the trial court, forwarded to this Court, and docketed by this Court without offending the considerations prohibiting hybrid representation because a defendant has a constitutional right of appeal).

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

Herein, Appellant argues that the PCRA court erred in dismissing his PCRA petition without affording his counsel time to conduct an "additional investigation" of the claims Appellant raised in his *pro se* PCRA petition. Appellant's Brief at 9. Appellant avers that, "at the time [counsel] was retained, there was not sufficient information available to allow for a thorough analytical response to the [PCRA court's] 907 [notice]." *Id.* Thus, Appellant requests this Court to vacate the PCRA court's order dismissing his *pro se* PCRA petition and remand the matter to allow for "further investigations and filings by [] Appellant" *via* counsel. *Id.* at 10.

Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

(C) Except as provided in paragraph (H) [regarding appointment of counsel in death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

(D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

(E) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 904(C)-(E).

Moreover, the Comment to Rule 904 states:

> Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel. However, the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be appointed only if the judge determines that an evidentiary hearing is required. Of course, the judge has the discretion to appoint counsel in any case when the interests of justice require it.

Pa.R.Crim.P. 904 cmt. (emphasis omitted).

Upon review, we decline Appellant's invitation to remand the instant matter – and do so for two reasons. First, as stated above, this is Appellant's fifth PCRA petition, filed well after his judgment of sentence became final.[2] As such, Appellant was only entitled to counsel if the PCRA court determined that, based upon the averments within Appellant's petition, an evidentiary hearing was necessary or the interests of justice required it. *See* Pa.R.Crim.P. 904(D)-(E). In this instance, however, the PCRA court reviewed Appellant's petition and subsequently issued notice pursuant to Pa.R.Crim.P. 907(1), which reflected the court's determination "that there [were] no genuine issues concerning any material fact," that Appellant was "not entitled to [PCRA] relief," and that "no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). Because Appellant did not possess a rule-based right to counsel, it cannot be said that the PCRA court's decision to deny additional

---

[2] On a previous appeal, a panel of this Court determined that Appellant's judgment of sentence became final "on or about January 27, 2002." *Floyd*, 2019 WL 125389 at *2. Appellant did not file the current petition until February 1, 2022, 20 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition was patently untimely.

time to newly-retained counsel to facilitate further investigation of Appellant's claims constituted an abuse of discretion.

Second, we disagree with the contention that Appellant's counsel was unable to conduct an adequate investigation into the claims set forth in Appellant's *pro se* petition. A review of the certified record reveals that Appellant's counsel entered his appearance on July 6, 2023. The PCRA court herein did not dismiss Appellant's PCRA petition until August 18, 2023. Thus, Appellant's counsel had 43 days in which to investigate his client's discovery of previously undisclosed statements allegedly made by Mr. Thompson and to submit either an amended PCRA petition on behalf of Appellant or a more formal request for an extension of time in which to respond to the PCRA court's 907 notice. Instead, counsel simply sent e-mail correspondence to the PCRA court. Under these circumstances, we discern no abuse of discretion in the dismissal of Appellant's fifth PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2024

- 7 -